

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2004

# Bjorklund v. Phila Housing Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4054

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bjorklund v. Phila Housing Auth" (2004). *2004 Decisions.* Paper 45.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/45

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 03-4054 and 03-4619

CARL T. BJORKLUND

v.

PHILADELPHIA HOUSING AUTHORITY
Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 98-cv-02838)
District Judge:  Hon. Timothy J. Savage

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2004

BEFORE:  AMBRO, VAN ANTWERPEN and STAPLETON, Circuit Judges

( Filed December 22, 2004 )

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Because we write only for the parties who are familiar with the facts, we do not restate them below. In 1998, a jury sitting in the United States District Court for the Eastern District of Pennsylvania returned a verdict in Appellee Carl T. Bjorkland's ("Bjorkland") favor finding that Appellant Philadelphia Housing Authority ("PHA") had violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, when it terminated his employment. The jury awarded $286,903 in lost wages and benefits. The District Court subsequently awarded Bjorklund $412,251.32 in attorneys' costs and fees and $11,699.00 in prejudgment interest. The District Court denied PHA's post-trial motion for judgment as a matter of law, or in the alternative for a new trial. PHA now appeals both the award for fees and costs and the denial of its post-trial motion. For the reasons set forth below, we affirm.

I.

A motion for judgment as a matter of law "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir.1993) (internal citations omitted); *see also Foster v. Nat'l Fuel Gas Co.*, 316 F.3d 424, 428 (3d Cir. 2003); Fed. R. Civ. P. 50(a)(1). A jury verdict should be disturbed only where the record "is critically deficient of that quantum of evidence from which a jury

2

could have rationally reached its verdict." *Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 828 (3d Cir. 1994). New trials may be granted for insufficiency of the evidence where "the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 366 (3d Cir. 1999).

Here, Bjorkland brought suit claiming discrimination under the ADA and bore the burden of showing: (1) he was a qualified individual with a disability or who was regarded as having a disability[1]; and (2) that he suffered an adverse employment action as a result of his disability or perceived disability. *Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001); *see also Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 381 (3d Cir. 2002). Here, Bjorkland claimed that although he was not actually disabled, the PHA regarded him as having a disability and consequently terminated his employment in violation of the ADA. A jury determining whether an employer regarded an employee as

---

[1]A person is 'regarded as' having a disability if s/he:
(1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;
(2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
(3) Has [no such impairment] but is treated by a covered entity as having a substantially limiting impairment.

*Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 381 (3d Cir. 2002) (internal citations omitted).

disabled centers its inquiry on the information the employer had about the employee's condition and how it responded to that information. *Buskirk v. Apollo Metals*, 307 F.3d 160, 167 (3d Cir. 2002). For the reasons set forth in the District Court's thorough opinion of September 12, 2003, we are satisfied that the jury was presented with sufficient information upon which to reach a verdict in Bjorkland's favor. One reasonable interpretation of the evidence is that Bjorkland's termination was based upon the PHA's belief that he was disabled because he had cancer and a heart condition. As the District Court noted, the "evidence, viewed in the light most favorable to Bjorklund . . . exhibits [his superior's] increasing frustration with Bjorklund's medical conditions, and her belief that his illnesses prevented him from performing the essential functions of his job." App. at 9. This evidence provided ample support for the conclusion that this "perception [of the superior] ultimately led to his termination." *Id.* Therefore, PHA was not entitled to judgment as a matter of law or a new trial.

## II.

PHA also challenges the amount of the District Court's fee/cost award. A prevailing party in a suit brought under the ADA is entitled to recover reasonable attorneys' fees and costs. 42 U.S.C. § 12205 (2004). Fee awards are calculated by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonably hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In calculating what constitutes a reasonable number of hours, courts exclude hours that are "excessive,

4

redundant, or otherwise unnecessary," insufficiently documented, or that were "spent litigating claims on which the party did not succeed and that were 'distinct in all respects from' claims on which the party did succeed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (internal citations omitted). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Rode*, 892 F.2d at 1183. Here, PHA claims the District Court erred by not reducing the award for (1) lack of success on all claims; (2) lack of documentation; (3) excessive and redundant hours; and (4) unreasonable hourly rates. We review the District Court's decision to award attorneys' fees and costs for abuse of discretion. *Lanni v. New Jersey*, 259 F.3d 146, 148 (3d Cir. 2001). We are satisfied that the District Court properly calculated the fee award in this matter.

The District Court properly refused to reduce the award amount even though the jury returned a verdict in favor of only one of Bjorkland's claims. The District Court found: (1) that Bjorkland's counsel excluded from the fee petition any charges solely attributable to unsuccessful claims; and (2) that all the claims involved a common core of facts and related legal theories which made it impossible to separate the hours spent on each distinct claim. *See Hensley*, 461 U.S. at 435.

The fee petition contained a level of detail sufficient to allow the District Court to determine if the hours expended were reasonable for the work performed and the District Court did not err in finding the hours charged sufficiently documented. We are also

5

satisfied that the District court excluded excessive hours and appropriately found that the use of multiple attorneys in this matter was not redundant.

Finally, because Bjorkland's counsel submitted sample fee schedules from the Philadelphia area, including one from Community Legal Services, Inc., which supported the hourly rates charged by Bjorkland's attorneys and legal staff, the District Court did not err in determining that the hourly rates charged were reasonable.

## III.

The judgment of the District Court will be affirmed.

6