**BANK OF HAWAII, Plaintiff,**

v.

**ASOFIAFIA LETUVAE, Defendant.**

High Court of American Samoa
Trial Division

CA No. 54-04

September 19, 2005

Before KRUSE, Chief Justice; LOGOAI, Chief Associate Judge; and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, David P. Vargas
For Defendant, Mark F. Ude

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

### Introduction

Plaintiff Bank of Hawaii was awarded reasonable attorneys fees and costs and pursuant to judgment plaintiff's counsel submitted an affidavit for fees and costs in this matter for $4,524.25, along with an invoice detailing the hours and services billed. Defendant Asofiafia Letuvae filed his opposition to the fee request.

After carefully considering the parties' arguments and submissions, we fix reasonable attorney's fee in the amount of $3,027.25.

### Discussion

We recently observed in *Const. Services in Samoa Inc. v. Am. Samoa Gov't*, 9 A.S.R.3d 93, (Trial Div. 2004) (Order Awarding Fees & Costs) that in fashioning an award of attorney's fees, a court should not merely "rubber stamp" a fees request submitted by counsel, but instead must scrutinize the figure to insure it is reasonable. In turn, we begin by noting that the starting point for calculating a "reasonable" attorney fee request is to examine the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Murphy v. Housing Auth. and Urban Redevelopment Agency of the City of Atlantic City*, 158 F.Supp.2d 438 (D.N.J. 2001). In undertaking such an analysis, we note that an applicant for a fee award bears the burden of first "submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist.*, 157 F.3d 1243, 1250 (10th Cir. 1995); *see also ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Upon such submission, a court will look to see if the applicant exercised billing judgment in its calculation, and where necessary, the court will "exclude hours not 'reasonably

expended' from the calculation." *Hensley*, 461 U.S. at 434; *see also Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162, (S.D.Fla. 2003) (stating that a court is obligated to exclude from billing charges that "are excessive, redundant, or otherwise unnecessary."). In reducing the overall award, a court need not identify and justify every hour allowed or disallowed, but rather can make a general reduction of hours so long as it states a "concise but clear" reason for the reduction. *Hensley*, 461 U.S. at 437; *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir.1986).

In the present case, we find that plaintiff has met its initial burden of stating with specificity the number of hours billed and the utilization of time spent by attorneys during those billed hours. The billing sheets give the initials of the attorney who was involved on the work, and state with some particularity the nature of the work done. Nevertheless, while we are not concerned that plaintiff has adequately set forth its billing statements, we question whether those statements bill for appropriate legal work.

First, we agree with defendant that we should deduct any fees sought by plaintiff related to plaintiff's Rule 11 motion. We note that T.C.R.C.P 11(c)(1)(A), like its federal counterpart, states that "[i]f warranted, the court may award *to the party prevailing* on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." (emphasis added). Although plaintiff filed a Rule 11 motion, this court denied plaintiff's motion on December 2, 2004, and as the non-prevailing party, plaintiff is not entitled to any fees related to the motion.

In this case, plaintiff seeks $324.00 to "draft motion and rule 11 points and authorities;" $126.00 to "draft notice of motion and finalize other pleadings for Rule 11 sanctions;" $9.50 to prepare affidavit of service to attorney Mark Ude for "Plaintiff Bank of Hawaii's Memo of Points & Authorities in Support of Motion for Sanctions, Motion for Sanctions and Notice of Hearing;" $4.75 to prepare a letter to Kalele White conveying "Plaintiff's Memo of Points & Authorities in Support of Motion for Sanctions, Motion for Sanctions and Notice of Hearing;" $14.25 to prepare "affidavit of service for Notice of Hearing on Sanctions;" $342.00 to "prepare for and attend hearing on motion for sanctions" and to "review opposition to motion;" and $4.75 to prepare "letter faxing copy of Order Denying Motion [for] Rule 11 Sanctions to Kalele White." In addition, plaintiff has several billing entries which contain both work on the Rule 11 motion, and other work unrelated to the motion. For example, plaintiff seeks $306.00 to both "review answer to complaint" and also to "draft rule 11(b) letter;" and $54.00 to "review opinion and order denying rule 11 motion" as well as "draft motion to set trial and notice of hearing." After considering both the direct hours billed, and the

.

combined billing entries, we accept plaintiff's affidavit that the total amount billed for the Rule 11 motion was $1,098.00.

Accordingly, given that plaintiff was not the prevailing party in the Rule 11 motion, we find that the $1,098.00 in attorney's fees sought in relation to the motion are not reasonable and must be deducted from the $4,524.25 total, reducing the fee sought to $3,426.25.

We further find that plaintiff unreasonably seeks attorney's fees with regard to its preparation and submission of its April 5, 2005 response to interrogatories, request for admissions, and production. Plaintiff seeks $228.00 to "draft answer to defendant's discovery" on March 15, 2005, and $57.00 to "review and respond to email from Kalele White re draft answers to discovery." In addition, plaintiff has a March 8, 2005, billing entry which combines work on the discovery request and unrelated work, namely a $228.00 fee for "review discovery request and motion to continue trial; draft fax to client re same; outline objections to both." While such entries are not unreasonable on their face, we observe that the trial on this matter ended on March 21, 2005, but that the completed discovery was dated March 23, 2005, and was not filed with the court until April 5, 2005, nearly two weeks after trial. Given this delay, and apparent lack of availability for defendant's use at trial, we see no reason to compensate plaintiff for such discovery related fees. We accordingly reduce an additional $399.00, an amount reflecting the value of attorney services as billed, as well as the likely proportion of services involved in discovery after considering the relative complexity of the combined billed services—reducing the total fee award to $3,027.25.

■ Lastly, we note in passing that after a court examines such factors as the time and labor required for the work billed, the novelty and difficulty of the legal questions, and the skills needed to the legal work effectively, in order to determine if the hours billed were reasonable, a court must next consider whether the rate at which those reasonable hours were billed is also reasonable. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (1974); *see also Water Technologies Corp. v. Calco, Ltd.*, 658 F.Supp. 980, 984 (N.D.Ill. 1987) ("the issues and complexity of the case will be considered."). While we do not here intend to place a market value on plaintiff's services, we do observe that in deciding a "reasonable rate" for attorney's fees, "it is the fee applicant that has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *S.E.C. v. Gemstar-TV Guide Intern., Inc.*; 401 F.3d 1031, 1057 (9th Cir. 2005); *see also Geier v. Sundquist*, 372 F.3d 784 (6th Cir. 2004); *Bjorklund v. Philadelphia Housing Authority*, 118 Fed.Appx. 624 (3rd Cir. 2004). In this case, a significant

number of hours were billed at $180.00 and $190.00 per hour without regard to the nature and complexity of the work involved. While plaintiff may have been willing to pay this rate for the services received, we are not without some reservations about the practice of billing for essentially clerical work at the same rate as work of a legal nature.

### Order

Having considered plaintiff's application for attorney's fees and costs in this matter, and reducing those fees we find unreasonable, we fix, and accordingly award, reasonable attorney's fees by defendant to plaintiff in the total amount of $3,027.25. It is so ordered.