**Veronica GOSS, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**KILLIAN OAKS HOUSE OF LEARNING, a Florida corporation; and Mercedes Ricon, an individual resident of the State of Florida, Defendants.**

**No. 02–20705CIV–MORENO.**

United States District Court,
S.D. Florida,
Miami Division.

Feb. 28, 2003.

Jay M. Levy, Esq., Jay M. Levy, P.A., Miami, Counsel for Plaintiff.

William M. Grodnick, Esq., Alan E. Krueger, Esq., City of Hialeah, Hialeah, Counsel for Defendant.

*ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE MAY 24, 2002 ORDER, AND DISMISS CASE FOR LACK OF A JUSTICIABLE CONTROVERSY; AND ORDER DENYING PLAINTIFF'S MOTIONS FOR AWARD OF ATTORNEY'S FEES*

MORENO, District Judge.

Are numbers worth a thousand words? Perhaps not, but rarely in the context of a civil suit do numbers speak for themselves. In the case at bar, the combined value of Plaintiff's claims for overtime and wage compensation is $315.89. Yet, Plaintiff's counsel is seeking attorney's fees of almost $16,000. Before the Court is Defendant's Motion to Set Aside May 24, 2002 Order, and Dismiss Case for Lack of a Justiciable Controversy, and Plaintiff's Motion and Supplemental Motion for Attorney's Fees and Reasonable Expenses of Litigation. For the reasons stated below, the motions are DENIED.

## I. FACTUAL BACKGROUND

Plaintiff Veronica Goss filed suit in March 2002, alleging violations of the Fair Labor Standards Act after she was terminated due to improper conduct, such as damaging property belonging to Defendants, and misrepresenting her skills. Defendant Killian Oaks House of Learning ("Killian") is a small private clinical school located in Miami–Dade County, Florida that provides educational services to children with mild to moderate learning disabilities. Co-defendant Mercedes Ricon manages and operates Killian.

Ms. Goss was employed by Killian for the brief period of January 3, 2002 through January 14, 2002. After she was terminated, Killian Oaks Academy made available a payroll check for $137.03 dated January 31, 2002 owed for January 13 and 14, the final two days of her employment. Due to the normal payroll cycle, those two days had not been compensated yet. Ms. Goss was advised to pick up the check; however, she failed and refused to do so. Instead, Ms. Goss proceeded to file an FLSA complaint against Defendants seeking the wage compensation, plus an unspecified amount of overtime compensation on March 7, 2002. Ms. Goss did not contact Killian Oaks regarding the payroll check

that she had neglected to pick up before filing suit.

Soon after the filing of the case, Killian's *pro bono* attorney finally managed to reach Plaintiff's Counsel, Donald J. Jaret ("Jaret") in an attempt to ascertain the amount of the claim and clear up the matter. Jaret claimed that he was "incapable" of doing so because he did not have sufficient documentation. Counsel for Killian explained that Ms. Goss had only been employed for less than 2 weeks; that she had received pay for all time except January 13 and 14th, that the check for those two days had been made available to Ms. Goss since January 31, 2003; and that any calculation was a simple matter. Furthermore, he offered to promptly supply Jaret with all of Ms. Goss's time records and other employment information, and once again asked for the specific amount that Ms. Goss had claimed, so that the case could be quickly resolved. Jaret's response was that he would need additional time and formal discovery to investigate this claim, and stated that he would "respond accordingly."

Defendants' counsel repeatedly contacted Plaintiff's counsel during the ensuing weeks in order to ascertain the amount of the claim so that Defendants might resolve the dispute without incurring any more attorney's fees. Defendant's counsel received no response to these follow-up calls.

After the filing of the complaint on April 10, 2002, Defendants again tendered the $137.03 payment—representing the sum owed to Ms. Goss for her wage compensation claims—to Plaintiff's counsel. After stating that the $137.03 satisfied the wage compensation claim, Plaintiff's counsel asserted that Plaintiff's claim for overtime compensation still remained. Upon being told this, and in spite of having no specific information as to the nature of the claim due to Jaret's calculated vagueness, Defendants proceeded to tender another check on May 8, 2002. This check was for $178.86, and represented the highest possible sum that Ms. Goss might claim for overtime compensation, given her abnormally short tenure at the Killian Oaks Academy. The figure apparently took into account lunch hour and two fifteen minute breaks that Plaintiff maintained was due to be compensated as overtime. In the letter accompanying the check, Defendants' counsel stated that:

> "my client, by the tendering of this amount does not acknowledge, agree or otherwise stipulate that any portion of this sum is due, but simply that we are tendering the same in full payment of this claim and with a reservation of my client's rights in connection within."

The letter also demanded, however, that "upon receipt [Plaintiff] dismiss the action with prejudice." On May 22, 2002, counsel for Ms. Goss filed a Motion for Approval of Settlement and to Award Plaintiffs' Attorney's Fees and Costs along with a proposed order. This Court entered the order submitted by Plaintiff's counsel on May 24, 2002 which approved the settlement, dismissed Killian Oaks counterclaim, and reserved judgment to render an award of attorney's fees.

On June 7, 2002 Defendants Killian House of Learning and Mercedes Ricon moved to set aside this Court's May 24, 2002 Order granting plaintiff's motion for approval of settlement and dismiss the case for lack of a justiciable controversy. Subsequently, Plaintiff's counsel filed a Motion for Award of Attorney's Fees pursuant to 29 U.S.C. § 216(b) on June 14, 2002 and a Supplemental Motion for Attorney's Fees on August 26, 2002.

## II. ANALYSIS

### A. Motion to Set Aside May 24, 2002 Order

■ Defendants assert that the May 24, 2002 order was based on misrepresenta-

tions by Plaintiff's Counsel as to the nature of the payments tendered to satisfy the claims. They dispute Plaintiff's assertion that the tender of the amounts was a settlement and argue that Plaintiff misrepresented the nature of the settlement in the motion to approve the settlement. Specifically, they reference explicit language in the letter accompanying the check that explained that the payment was not a settlement. The payments were made to moot the case, and not intended as a settlement. Finally, they argue that there was no indication that they agreed to the provisions contained in the proposed order submitted to the court. Plaintiff contends that Defendants' sole motivation in setting aside the May 24, 2002 Order is to avoid its statutory obligation to pay reasonable attorney's fees and costs.

 A settlement is a bilateral accord, brought to the court by both parties, "reflect[ing] a reasonable compromise of disputed issues..." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982). Thus, a settlement must include elements of a bargain or compromise. The Court finds that the May 24, 2002 order should not be set aside because, regardless of Defendants' arguments about intent, the settlement reflects an mutually agreed accord.

Plaintiff agreed to dismiss the case with prejudice, as Defendants had demanded in their May 8, 2003 correspondence to dismiss the case. Defendants had clearly contested Plaintiff's assertions regarding liability in the Complaint. Answer ¶¶ 7, 10, 19. Moreover, in the correspondence accompanying the May 8, 2003 check, counsel for Defendants stated that he was tendering an additional check "in full payment of all overtime compensation claims by Ms. Goss." Def. Ex. D. The Court accordingly entered its order pursuant to the

Notice of Settlement provided by Plaintiff.[1] Even assuming that Plaintiff misled the Court as to Defendants' intentions, it is clear by the terms of Defendant's correspondence that the purpose of tendering the check was to satisfy a claim that was in dispute. Thus, Defendants' Motion to Set Aside the Court's Order is DENIED.

### B. Motion to Dismiss Case for Lack of a Justiciable Controversy

Defendants further claim that the case was mooted due to the unilateral tendering of the two checks that satisfied plaintiff's wage compensation and overtime claims. Plaintiff contests Defendants' characterization, and claims that Defendants payments were in satisfaction of their liability to plaintiff for minimum wage and overtime compensation. Since the Court has not set aside the May 24, 2002 Order and left the parties' settlement undisturbed, this motion is DENIED

### C. Plaintiff's Motions for Attorney's Fees

The Fair Labor Standards Act ("FLSA") provides that the Court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The "case law construing what is a 'reasonable' fee applies uniformly" to all Federal fee-shifting statutes. *City of Burlington v. Dague,* 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). Plaintiff claims that due to the settlement, she is the prevailing party and is entitled to an award of reasonable attorney's fees. Defendants first dispute Plaintiff's self-characterization as the prevailing party, and in the alternative, argue that the award of attorney's fees should be completely de-

---

1. Plaintiff also filed a Notice of Partial Settlement of this action on April 16, 2002, contain-ing similar language, that did not elicit any protest by Defendants.

nied or slashed due to Plaintiff counsel's conduct in this case.

### 1. Plaintiff's Status as a Prevailing Party

■ In *Buckhannon*, the Court stated that in order to have "finally prevailed," a party must have obtained either a judgment on the merits or reached a settlement agreement that was enforced through a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Human Resources*, 532 U.S. 598, 607, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). A prevailing party, however, does not exist "because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 600, 121 S.Ct. 1835. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605, 121 S.Ct. 1835.

■ Defendant claims, that in accordance with standard set down in *Buckhannon*, plaintiff is not the prevailing party, because this was a voluntary decision made by Killian Oaks Academy to tender payment to Ms. Goss, and not a legal settlement. A voluntary change, they claim, is not sufficient to create the "material alteration of the legal relationship" necessary to permit an award of attorney's fees. Nevertheless, a court's approval of a settlement or retention of jurisdiction to enforce a settlement is a judicially sanctioned change in the legal relationship of the parties. *See American Disability Assoc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir.2002). Since the May 24, 2002 Order approved the settlement and specifically reserved the right to award attorney's fees, Plaintiff is the prevailing party. Therefore, the entitlement to attorney's fees is triggered. Accordingly, the Court must now consider the reasonability of Plaintiff's requests for attorney's fees.

### 2. Reduction or Denial of Attorney's Fees and Costs

Defendants argue that even if Plaintiff is entitled to attorney's fees and costs, they should be completely denied or slashed because they are incompatible with pursuing a case of this nature. Plaintiff's counsel Jaret has maintained that all fees are reasonably incurred, and in line with the FLSA's provisions, is entitled to an award of attorney's fees and reasonable expenses of litigation.

### i. Award of Attorney's Fees

■ In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court explained that the starting point for determining a "reasonable fee" is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." The applicant bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates." *See ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999). Additionally, district courts are vested with authority to take into consideration "such "factors as it deems appropriate in determining the amount of reasonable attorney's fees to be awarded." *Haworth v. State of Nevada*, 56 F.3d 1048 (9th Cir. 1995). If applicants do not exercise billing judgment, courts are obligated to do it for them, and cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. *See ACLU v. Barnes*, 168 F.3d at 428.

In his motion and supplemental motion for attorney's fees, Jaret uses a benchmark rate of $325.00 per hour, and claims that he has spent a total of 49.1 hours

litigating the case, and thus is entitled to $12,610 in attorney's fees and $6,597.50 in post-motion attorney's fees. Defendants contend, however, that Plaintiff's motion attesting to the fact that counsel spent 38.8 hours pursuing a claim for $316 is "outrageously excessive."

Courts have denied reasonable attorney's fees in the face of grossly excessive fee requests in the context of civil rights fee-shifting statutes. *See, e.g. Lewis v. Kendrick,* 944 F.2d 949, 958 (1st Cir.1991) (attorney's fee request of over $50,000 denied in light of jury verdict of $1,000); *Fair Hous. Council v. Landow,* 999 F.2d 92, 97–98 (4th Cir.1993) (overturning attorney's fee award of $20,000 due to failure to allocate the limited portion of fees attributed to the minor successful claim); *Vocca v. Playboy Hotel of Chicago,* 686 F.2d 605 (7th Cir.1982) (denial of entire request for attorney's fees due to unreasonable refusal to settle the case earlier).

■ At the outset, the Court notes that the FLSA provides for a mandatory award of attorney's fees, where fee-shifting provisions in Civil Rights statutes, provide for more discretion. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416 n. 5, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Nevertheless, as other courts have recognized, an entitlement to attorney's fees cannot be a *carte blanche* license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction. *See id.*

■ Furthermore, courts in this jurisdiction may award attorney's fees under the FLSA to prevailing defendants upon a finding that the plaintiff litigated in bad faith. *See Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428 (11th Cir.1998) (internal citations omitted).

In light of what is at best, extremely modest damages, Jaret's behavior casts doubt on his insistence that all fees were reasonable. He continued to file pleadings and propound discovery in what should have been a *pro forma* matter that could have been disposed of by making a few phone calls before filing suit. Indeed, Plaintiff's counsel racked up 23.3 hours *after* May 8, 2002, the date which the case had settled due to full and complete payment of the claims.

Jaret claims that the settlement obtained from Defendants validates his work for his client, and belies his entitlement to attorney's fees. The settlement made in this case, in light of the meager damages, however, represents a nuisance settlement that was made solely in an effort to avoid the expense of litigation. Moreover, Defendants attempted to resolve the case numerous times in an effort to avoid precisely the grossly excessive fee requests that are present in this case.

■ There are "special circumstances" that can render such an award of attorney's fees unjust, and so-called nuisance settlements represent such a circumstance. *See Tyler v. Corner Construction Corp.,* 167 F.3d 1202, 1206 (8th Cir.1999). The instant case seems to be such a special circumstance.

Jaret seems to have leveraged a small sum as a stepping-stone to a disproportionately large award of attorney's fees. He admits the disproportionate nature in his reply, but places the blame squarely on Defendants' shoulders. He claims that his entire fee request is reasonable, and further asserts that it is Defendants who are at fault for fighting the litigation in the first place.

Putting aside for a moment any argument that this case could have been resolved quickly before the case even began if Jaret had acted in good faith, he continuously employed a strategy of delay and obfuscation in his attempt to ward off the inevitable resolution of the case. The first contact made by Defendants' counsel set

the tone for a consistent pattern of activity by Plaintiff's counsel that was calculated to "churn" the file and extract as much attorney's fees as possible from what was at best, a modest claim not deserving of the many hours of work.

Jaret's own records belie Defendants' allegations. The entire record of time spent on the case signals an intention to blindly file pleadings and ignore the actual monetary substance of the dispute. Every action by Plaintiff's counsel it seems was calculated to avoid prompt out-of-court resolution that would have kept the costs of litigation down to any reasonable amount. Indeed, he has the temerity to cloak a case of this frivolous nature in the laudable and salutary policy objectives that the FLSA was enacted to combat.

To ask in good faith for upwards of $16,000 in attorney's fees for prosecuting a case that Plaintiff's counsel knew would involve no more than a modest sum of $316, and to continue to engage in a pattern of behavior aimed at inflating the levels of attorney's fees shocks the conscience of the Court. It is the functional equivalent of using a sledgehammer to chip away at Jaret's affirmation of good faith. This strategy of "shaking down" Defendants with nightmarishly expensive litigation solely in pursuit of attorney's fees must not be rewarded.

Therefore, the Court finds that it would be unreasonable and indeed, unjust, to force Defendants to pay *any* of Plaintiff's attorney's fees, since the suit was frivolous in the first instance and Plaintiff's counsel grossly exaggerated the amount of hours expended.[2] If the award of any amount of attorney's fees in this case is not flatly

unreasonable, then the Court struggles to envision a scenario of reasonability. Accordingly, both of Plaintiff's Motions for Attorney's Fees are DENIED in their entirety.

### ii. Entitlement to Fees and Costs

Although the FLSA provides that costs may be recovered in accordance with 28 U.S.C. § 1920, the district court, however, has discretion to deny costs to a prevailing party. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir.1995). A district court must identify specific reasons for denying costs to a prevailing party. *See id.* In accordance with the reasons stated in the previous section, the Plaintiff's request for costs is also DENIED.

### III. CONCLUSION

THIS CAUSE came before the Court upon Defendant's Motion to Set Aside May 24, 2002 Order, To Dismiss Case for Lack of a Justiciable Controversy (**D.E. No. 29**), filed on *June 7, 2002,* Plaintiff's Motion for Attorney's Fees and Reasonable Expenses of Litigation (**D.E. No. 30**), filed on *June 17, 2002,* and Plaintiff and Donald J. Jaret, P.A.'s Supplemental Motion for Attorney's Fees (**D.E. No. 46**), filed on *August 26, 2002.*

THE COURT has carefully considered the motions, the responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Defendants' motions to set aside the May 24, 2003 order and to dismiss case for lack of a justiciable controversy are DENIED. It is also

---

2. The Court does not reach the issue of the amount of attorney's fees, although it recognizes the Affidavit of Samuel A. Terilli, submitted by Defendants, which concludes that a maximum of no more than 4 hours would have been necessary to investigate and resolve this claim. The Court has also reviewed counsel's statement that "Defendants and this Court are hereby put on notice" that more attorney's fees will be requested by plaintiff's counsel. Motion for Attorney's Fees at 7.

**ADJUDGED** that Plaintiff's motion and supplemental motion for award of attorney's fees and reasonable expenses of litigation are DENIED.