**CONSTRUCTION SERVICES IN SAMOA INC., Plaintiff,**

**v.**

**AMERICAN SAMOA GOVERNMENT, PORT AUTHORITY, Defendant.**

High Court of American Samoa
Trial Division

CA No. 41-03

October 6, 2004

Before KRUSE, Chief Justice, MAMEA, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima
For Defendant, Fiti A. Sunia, Attorney General, and Monica Abello, Assistant Attorney General

## ORDER AWARDING FEES AND COSTS

On March 23, 2004, Plaintiff Construction Services in Samoa, Inc. ("CSS") served several requests for admissions ("RFAs") on Defendant American Samoa Government ("ASG") in accordance with T.C.R.C.P. 36(a). After ASG's failure to timely respond to its requests, CSS moved for summary judgment and asked the court to deem the requests admitted.

On July 30, 2004, we denied CSS's motion for summary judgment noting that in large part CSS's motion relied on the facts in the RFAs being deemed admissions. At the same time, however, we imposed sanctions on ASG pursuant to Federal Rule of Civil Procedure 26(g)(3) for failure to timely respond to the RFAs and for the costs and reasonable attorney's fees associated with CSS's motion for summary judgment.

On September 7, 2004, CSS submitted invoices associated with the preparation of the motion for summary judgment totaling $5,070.00 in attorney's fees, and $1,220.00 in costs. For the reasons discussed below, we modify this figure to a total amount of $2,000.00.

### Discussion

A.S.C.A. § 43.0201(a) provides that "[i]n the High Court, the civil practice shall conform, as closely as practicable, to the practice provided for in the Federal Rules of Civil Procedure." As we noted in our earlier order denying Plaintiff's motion for summary judgment, Federal Rule of Civil Procedure 26(g) "imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." FED. R. CIV. P. 26(g) advisory committee note. In turn we observed that if a party violates Rule 26(g), "the court, . . . upon its own initiative, shall impose . . . an appropriate sanction, which may include an order to pay the amount of reasonable expenses incurred because of the violation, including a reasonable attorney's fee." FED. R. CIV. P. 26(g)(3).

### I. Calculation of Fee Award

The starting point for calculating a "reasonable" attorney fee request is the "lodestar" test, in which a court examines the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Murphy v. Housing Authority and Urban Redevelopment Agency of the City of Atlantic City*, 158 F.Supp.2d 438 (D.N.J. 2001). Applicants for a fee award bear the burden of proof in establishing the number of hours "by submitting meticulous, contemporaneous time records that reveal,

for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist.*, 157 F.3d 1243, 1250 (10th Cir. 1995); *see also ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

If the applicant does not exercise billing judgment in its calculation, the court is obligated "to exclude hours not 'reasonably expended' from the calculation." *Hensley*, 461 U.S. at 434; *see also Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162, (S.D.Fla. 2003) (stating that a court is obligated to exclude from billing charges that "are excessive, redundant, or otherwise unnecessary."). In so doing, the court need not identify and justify every hour allowed or disallowed, but rather can make a general reduction of hours so long as it states a "concise but clear" reason for the reduction. *Hensley*, 461 U.S. at 437; *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir.1986).

A. Plaintiff's Failure to Meet its Burden

A trial court is justified in reducing the number of hours billed if the attorney's time records are "sloppy and imprecise" and fail to document or adequately show how he or she has utilized large blocks of time. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir.1995). Such a reduction serves as an "appropriate, and hopefully effective, means of encouraging counsel to maintain adequate records and submit reasonable, carefully calculated, and conscientiously measured claims." *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980).

In the current case, CSS's invoice has not adequately stated with particularity the identity and skill level of the attorneys performing the work, nor the nature of the attorney work performed. In *Jane L.*, for example, the court approved a reduction of plaintiffs' attorney's fees calculation in part because "plaintiffs' time records include unspecified or inadequately specified 'review' time." 61 F.3d at 1510. Likewise here, six entries totaling 8.2 hours of attorney time contain the header "[r]eview, redrafting research summary judgment & affidavit" without a detailed expression of what that attorney work entailed. An additional four entries totaling 5.6 hours contain the header "[s]ummary judgment motion exhibits & affidavit" with absolutely no description of the type of work done at all. The billing sheet ends with an equally vague 2.2 hour entry of "finalize summary judgment."

In addition, courts observe that "[h]ours that an attorney would not properly bill to his or her client, such as background research, cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable." *See Mares*, 801 F.2d at 1210. Here, six

entries totaling 9.2 hours are billed with the ambiguous header "research & write" or "research & drafting" the motion. To the extent that such "research" includes background work, the award of attorney's fees is unreasonable.

## B. Plaintiff's Failure to Exercise Billing Judgment

■ In addition, separate from CSS's failure to adequately describe the charges billed, this court would nevertheless reduce such fees, even if properly set forth for failure to exercise billing judgment. In considering such factors as the time and labor required for the summary judgment motion, the novelty and difficulty of the legal questions, and the skill requisite to perform the legal service properly, we cannot see how CSS would have feasibly billed his client 33.8 hours for attorney work on the summary judgment motion. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (1974); *see also Hensley v. Eckerhart*, 461 U.S. at 430 n.3 (1983). CSS's motion was not an intellectually weighty document dedicated to analyzing competing lines of legal authority. Rather, as far as we can tell, it served primarily as a recitation of the CSS's facts and allegations, the contents of the parties' contract, and an extensive series of photocopied billing statements and correspondences. Our authorization of an attorney's fee award was meant to urge CSS to submit the reasonable value of the legal services performed—not to give it a blank check to receive any figure it deemed adequate. Accordingly, the fees must be reduced to reflect a more appropriate amount.

## II. Sanctions as Damages

■ Even were we to accept that CSS's fee request adequately reflected services rendered, we would have nevertheless reduced the award to correspond with an amount that reasonably reflects the severity of the sanctioned conduct. We note that the purpose of 26(g)(3) is not simply to award attorney's fees, but rather to impose an "appropriate sanction" on the violating party. FED. R. CIV. P. 26(g)(3). In turn, the type of sanction to be imposed in the event of a Rule 26(g) violation is a matter committed to the court's discretion. *See Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 407 (7th Cir. 1998).

The Seventh Circuit, under similar circumstances, has reasoned that where attorney's fees are imposed as a sanction they can be "as light as a censure and as heavy as is justified," to punish the violating party. *See Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187 (7th Cir. 1992); *see also Frantz v. United States Powerlifting Federation*, 836 F.2d 1063, 1066 (7th Cir.1987). We conclude that the Rule 26(g) sanction in the current case must be a carefully measured response to the sanctioned conduct and that a reasonable award of attorney's fees and costs must therefore be lower than the $6,290 total requested.

## Order

Having reflected upon an appropriate Rule 26(g) sanction against ASG, and evaluated what we consider to be Plaintiff's imprecise billing records and lack of billing judgment, we find that ASG shall pay CSS for costs and reasonable attorney's fees associated with CSS's motion for summary judgment in the amount of $2,000.00.

It is so ordered.