Muhammad **AZAM–QURESHI,**
Plaintiff,

v.

**THE COLONY HOTEL,
INC., Defendants.**

No. 07–80804–CIV–
**MIDDLEBROOKS/JOHNSON.**

United States District Court,
S.D. Florida.

March 5, 2008.

Romin N. Currier, Law Office Of William H. Pincus, West Palm Beach, FL, for Plaintiff.

Michael William Casey, III, Epstein Becker & Green, Miami, FL, for Defendant.

## ORDER

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorney's Fees & Costs (DE 20), filed on December 19, 2007. The Court has reviewed the Motion and the file in this case.

## I. Background

Plaintiff Muhammad Azam–Qureshi filed this action on September 5, 2007, to recover unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The complaint did not contain the amount of damages that Plaintiff was seeking.

However, on October 2, 2007, Plaintiffs counsel sent Defendant's counsel a letter in which it offered to settle the matter for a total of $4,652.24. This letter indicated that Mr. Azam–Qureshi's claim was only worth $153.84 and the remaining $4,498.40 was for his attorneys' fees and costs. Plaintiff's counsel also wrote that there was "likely a collective action that exists" within Defendant's practice of converting salaried employees to hourly employees and stated that it was "confident that [Defendant's] actions will allow us to recover going back two years for all similarly situated employees, possibly three years." This offer expired on October 10, 2007. In response, on October 12, 2007, Defendant's counsel wrote a letter back, indicating that it found the offer "extravagant" and stated that "if Plaintiff had wished to recoup $153.84 total, he should have called or written Defendant prior to filing suit." Defendant's counsel then went on to offer $500.00 to settle all claims raised in the case, including both Mr. Azam–Qureshi's unpaid wages and his reasonable attorneys' fees and costs. This offer expired on October 17, 2007, and Plaintiff appears to have never responded to it.

On November 7, 2007, Defendant's counsel issued an offer of judgment. In this offer of judgment, it agreed to pay Plaintiff $153 .84, representing all of Plaintiff's unpaid wages, plus reasonable attorney's fees and costs to be determined by the Court. On November 9, 2007, Plaintiffs counsel accepted the offer of judgment, and stated in correspondence that it would settle the attorneys' fees and costs for $3,000. On November 26, 2007, Defendant's counsel rejected the $3,000 offer to settle its claim for attorneys' fees and costs. Defendant, instead, once again offered $500 total to settle both Plaintiff's claim and the attorneys' fees and costs.

Apparently, Plaintiff did not respond to this offer either.

On December 4, 2007, Plaintiff filed notice of acceptance of Defendant's offer of judgment with the Court (DE 18). The offer of judgment states that it will award Plaintiff $153.84, "plus reasonable attorneys' fees and costs incurred by Plaintiff up through the date of this offer, to be determined by the Court." On December 7, 2007, the Court awarded judgment to Plaintiff in the amount of $153.84 against Defendant and noted that it would "retain jurisdiction for the purpose of enforcing the judgment and awarding attorney's fees" (DE 19).

Now, Plaintiff's counsel is requesting attorneys' fees and costs in the total amount of $13,895.45. Defendant opposes the award in its entirety because it deems the litigation to be a nuisance suit and instead moves the Court to sanction Plaintiff's counsel for bringing vexatious litigation.

## II. Reasonable attorneys fees

The FLSA provides that the Court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

▮ The starting point in any reasonable fee determination is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The product of these two figures will provide a lodestar figure, from which the Court can then determine whether any portion of this lodestar figure should be adjusted upwards or downwards. *Id.* at 434, 103 S.Ct. 1933. To determine whether to adjust the lode-

star figure, the Court may consider any of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).[1] A downward adjustment may be required for "excessive, redundant, or otherwise unnecessary" hours. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.

In determining the reasonable number of hours expended on the litigation, the Supreme Court requires fee applicants to exercise "billing judgment." *Hensley*, 461 U.S. at 434, 447, 103 S.Ct. 1933. To reflect proper billing judgment, attorneys "must exclude from their fee applications excessive, redundant or otherwise unnecessary [hours] ... which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999) (quoting *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir.1988)) (internal citations and quotation marks omitted).

■ In determining the reasonable hourly rate, the Court looks for the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation for similar services. *Blum v. Stenson*, 465 U.S. 886, 895–96, n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987); *Gaines v. Dougherty County Bd. Of Education*, 775 F.2d 1565, 1571 (11th Cir.1985). "The decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise." *Norman*, 836 F.2d at 1303; *Avirgan v. Hull*, 705 F.Supp. 1544, 1549 (S.D.Fla.1989).

■ The applicant bears the burden of establishing entitlement to reasonable attorneys' fees, documenting the reasonable hours expended, and establishing reasonable hourly rates. *See ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Additionally, the Court is considered an expert in this area and is permitted to exercise its judgment regarding reasonable rates and hours.

## A. Analysis

Plaintiff's motion requests that the Court grant it $13,049.00 in attorneys' fees, based on the following hourly rates and number of hours expended by each attorney participating in this case on behalf of Plaintiff:

| Timekeeper | Hourly Rate | Hours | Total |
|---|---|---|---|
| William H. Pincus | $350.00 | 10.9 | $ 3,815.00 |
| Romin N. Currier | $300.00 | 30.75 | $ 9,225.00 |
| **TOTAL TIME** | | 41.65 | |
| **TOTAL ATTORNEYS' FEES** | | | **$13,049.00** |

Along with its Motion, Plaintiff's counsel submitted the contingent fee agreement, Defendant's offer of judgment, the affidavit of Mr. Pincus which contained time records, and the affidavit of Roy W. Jordan, Jr. Mr. Jordan's affidavit indicates

---

1. The 12 factors enumerated in *Johnson* are as follows: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19.

that he reviewed the time records of Mr. Pincus and Mr. Currier and found both the hours spent and the rates reasonable.

## 1. Entitlement

 First the Court will take up Defendant's argument that Plaintiff's counsel is not entitled to any attorneys' fees on account of Plaintiff's counsel's misconduct in this case.

Defendant contends that this Court should not reward Plaintiff's counsel with reasonable attorneys' fees and costs because they filed and pursued a lawsuit designed primarily to generate legal fees for Plaintiff's counsel. Defendant contends that the Court should instead sanction Plaintiff's counsel pursuant to 28 U.S.C. § 1927. *See Beard v. Annis,* 730 F.2d 741 (11th Cir.1984)(upholding Section 1927 award for case that was "groundless, baseless, and frivolous at the time it was filed"). Defendant takes issue with the fact that Plaintiff never attempted to settle the case prior to filing suit, then filed a federal lawsuit seeking $153.84 in damages, threatened a collective action, then dropped the threat of collective action, and demanded $3,000.00 in fees and costs. Moreover, Defendant contends that Plaintiff did not have its client's interests in mind when it did not bother responding to Defendant's October 12, 2007 settlement offer in the amount of $500.

In making its argument, Defendant's counsel relies heavily on *Goss v. Killian Oaks House of Learning,* 248 F.Supp.2d 1162 (S.D.Fla.2003). In Goss, Plaintiff's counsel requested almost $16,000 in attorneys' fees and costs after Defendant paid Plaintiff the $315.89 that Plaintiff was seeking in wage compensation under the FLSA. *Id.* at 1164. Judge Moreno found that Plaintiff's case represented a nuisance suit and as a result, Plaintiff's counsel did not deserve any attorneys' fees and costs. *Id.* at 1168–69. Part of what made this a nuisance suit appears to be that Defendants' counsel repeatedly contacted Plaintiff's counsel in an attempt to ascertain the amount of money Plaintiff was seeking and Plaintiff's counsel never responded. *Id.* at 1165. Finally, Defendant sent Plaintiff a check for the amount representing the maximum possible amount that Plaintiff could have been seeking given the amount of time she had been working. *Id.* Judge Moreno determined that Plaintiff's counsel had acted in "bad faith" when it "continuously employed a strategy of delay and obfuscation in his attempt to ward off the inevitable resolution of the case." *Id.* at 1168.

The same can not be said about the case before this Court. While the Court agrees that the amount of attorneys' fees and costs requested by Plaintiff's counsel appear to be extremely unreasonable in light of the amount at stake for their client, the Court does not find that Plaintiffs counsel's behavior rises to the level of being a nuisance suit. Here, Plaintiff's counsel initiated settlement of the suit and was forthcoming about the amount that its client was seeking. Moreover, despite ignoring Defendant's counsel's initial counteroffer, Plaintiff did several weeks later accept the offer of judgment. Thus, the Court will allow Plaintiff's counsel reasonable attorneys' fees and costs and will not sanction them. Defendant made the offer of judgment and by doing so, agreed to pay reasonable attorneys' fees and costs. Now the Court will address whether Plaintiff's request for attorneys' fees and costs is reasonable.

## 2. Reasonable number of hours expended

 First the Court turns to the reasonable number of hours expended in this

matter. The Court finds it reasonable to include only the time spent drafting the complaint. The Court will not award reasonable attorneys' fees for the remaining number of hours spent doing work on the case. Plaintiff's counsel's role in this litigation was minimal. The case was only open for about three months. Plaintiff's counsel did not file a single motion, nor did Plaintiff respond to a single motion. The only motion filed in this case was Defendant's unopposed motion for an extension of time (DE 9). Nearly half of the hours claimed is for work expended on obtaining attorneys' fees, some of which was not actually done, but was merely anticipated.[2] The remaining hours are either of a clerical nature[3], unnecessary[4], duplicative[5], and/or excessive.[6]

The time records indicate that Mr. Currier spent 10 hours drafting the complaint and that Mr. Pincus spent .25 hours reviewing and revising the complaint before it was filed. The Court does not find this reasonable in light of the fact that the complaint appears to be a form complaint, containing no specific allegations with regard to Mr. Azam–Qureshi's claim. The Court finds that 1.75 hours of Mr. Currier's time and .25 of Mr. Pincus' time would be reasonable here.

## 3. Reasonable hourly rate

Next the Court will address the reasonable hourly rate for Plaintiff's attorneys. Plaintiff's counsel contends that $350 is a reasonable hourly rate for Mr. Pincus. Mr. Pincus has been practicing law since 1995. Plaintiff's counsel also contends that $300 is a reasonable hourly rate for Mr. Currier who has been practicing since 2000. The Motion indicates that Mr. Currier served as the day to day lawyer to

**2.** 20.7 of the 41.65 hours were expended on researching and drafting attorneys' fees motion. 6 of the 20.7 are for hours which Mr. Pincus anticipates he will expend on this motion for attorneys' fees, not for work already done.

**3.** For example, Plaintiff's counsel indicates that it spent 12 minutes reviewing and noting "in computer opposing counsel's notice of appearance." *See* time records, 9/28/07. Another example is the 12 minutes spent receiving and reviewing "defendant's notice of change of address." *See* time records, 11/7/07.

**4.** For example, Plaintiff's counsel spent 2.1 hours drafting their initial Rule 26 disclosures. This disclosure is less than one-page long and answers four very basic questions, including who has information to support Plaintiff's claims, supporting documents, computation of damages, and any insurance agreements. *See* time records between 10/25/07 and 11/2/07.

**5.** For example, both Mr. Currier and Mr. Pincus reviewed the Court's order granting defendant's motion for enlargement of time (DE

12), each spending 12 minutes. *See* time records for 10/9/07. The Court is unaware of why both attorneys, let alone one attorney, needed to spend more than one minute reviewing this very short order, especially since it was unopposed.

**6.** For example, Plaintiff's counsel spent excessive amounts of time "receiving" and "reviewing" filings from the court or correspondence from opposing counsel, spending 12 minutes or more each time. *See* time records, 9/6/07: receipt and review correspondence from court regarding filing of complaint and summons; time records, 9/17/07: receipt and review order of reference and setting trial date in a civil case; time records, 9/18/07: receipt and review order setting scheduling conference; time records, 9/21/07: review and analyze order from court setting hearing for scheduling conference; time records, 9/28/07: receipt and review civil minutes from scheduling conference; time records, 12/5/07: receipt and review correspondence from opposing counsel regarding settlement and check.

Plaintiff, while Mr. Pincus was a supervising attorney.

 The Court has reviewed the filings, and as it is permitted to do, has called upon its own expertise in these matters and finds that the hourly rates submitted by Plaintiff are on the high side of what is reasonable. The Court finds it appropriate to award an hourly rate of $300 per hour for Mr. Pincus and $200 per hour for Mr. Currier for legal work performed.

Accordingly, the reasonable attorneys fees in this case are:

| Timekeeper | Hourly Rate | Hours | Total |
|---|---|---|---|
| William H. Pincus | $300.00 | .25 | $ 75.00 |
| Romin N. Currier | $200.00 | 1.75 | $350.00 |
| TOTAL TIME | | 2.00 | |
| **TOTAL ATTORNEYS' FEES** | | | **$425.00** |

## III. Costs

The Court next turns to the award for costs. Plaintiffs counsel seeks costs under 28 U.S.C. § 1920 and under Federal Rule of Civil Procedure Rule 54(d). Rule 54(d) states, in pertinent part, that costs other than attorneys' fees "shall be allowed as of course to the prevailing party." Section 1920 sets forth the categories of costs that are taxable and recoverable; those categories include filing fees, process server fees, and copies of documents, among others. Plaintiff's counsel seeks the following costs:

| | |
|---|---|
| Filing Fees | $350.00 |
| Service of Process | $ 35.00 |
| Travel Expense | $ 1.60 |
| Postage | $ 1.40 |
| Photocopies | $ 2.45 |
| Faxes | $ 6.00 |
| Expert Fees | $450.00 |
| **TOTAL** | **$846.45** |

 Defendant did not make any specific objections to these costs. However, the Court does not find it reasonable to include expert fees for Mr. Jordan, in light of Plaintiff's counsel's awareness that a very small amount of money was at stake in this case. Thus, the Court will only award $396.45 in costs.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Award of Attorney's Fees (DE 20) is GRANTED IN PART. The Clerk of Court shall enter judgment in favor of the Plaintiff and against Defendant for $821.45, representing reasonable attorneys' fees in the amount of $425 and reasonable costs in the amount of $396.45, for all of which execution may issue.

DONE AND ORDERED in Chambers in West Palm Beach, Florida, this 5th day of March, 2008.