[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

Nos.12-11538 and 12-14411
Non-Argument Calendar

————————

D. C. Docket No. 0:11-cv-60265-FAM

RICHARD B. MAYER,

Plaintiff-Counter
Defendant-Appellee,

versus

WALL STREET EQUITY GROUP, INC.,
a Florida Corporation,
STEVEN S. WEST,
an individual,

Defendants-Counter
Claimants-Appellants.

————————

Appeals from the United States District Court
for the Southern District of Florida

————————

(March 28, 2013)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Before the court are two closely related appeals from the same underlying case. In case number 12-11538, Defendants/Appellants Wall Street Equity Group, Inc. and Steven S. West (collectively "Appellants") challenge the district court's order denying their motion for attorney's fees and granting Plaintiff/Appellee Richard B. Mayer's motion for attorney's fees. In case number 12-14411, Appellants challenge the district court's order granting in part Mayer's supplemental motion for fees and expenses.

I.

The underlying case involves Mayer's complaint against Appellants for overtime pay pursuant to the Fair Labor Standards Act ("FLSA"). Mayer and his employer, West, had, as a magistrate judge describes it, "a falling out." [R. 63 at 2.] Mayer believed that he was entitled to unpaid overtime compensation, so he sought out Attorney Robert S. Norell and asked him to file suit against West, which Norell did promptly. Appellants answered Mayer's complaint, twice admitting that Mayer "may be due some overtime," [R. 5 at 2–3, ¶¶ 12, 17], although Appellants later denied that Mayer was entitled to overtime pay. At some point, West, without his attorney's assistance, contacted Mayer—not Norell—to

2

negotiate a settlement.  Norell was not invited to the discussion, and Mayer accepted a settlement from Appellants without any consideration of Norell's fees and costs.  The settlement agreement provides that Mayer should instruct Norell to "withdraw the lawsuit with prejudice."  [R. 22-1 at 1, ¶ 7.]  Upon notice of the settlement, the district court dismissed the case.

Norell filed a motion, on behalf of his former client, for fees and costs pursuant to the FLSA.[1]  *See* 29 U.S.C. § 216(b) (entitling a prevailing plaintiff to attorney's fees and costs).  Appellants opposed Mayer's motion, arguing that Mayer was not a prevailing party.  They also filed their own motion for attorney's fees, alleging that Norell brought Mayer's complaint in bad faith and that he unreasonably and vexatiously multiplied case proceedings.  Attached to Appellants' fee motion was an Affidavit from Mayer, now restored in his relationship with West, alleging, among other things, that Norell failed to consider Mayer's best interests before hastily suing Appellants and that Norell was a "greedy attorney" who "ruin[ed] [Mayer's] life."  [R. 20-2 at 5, ¶¶ 10, 12.]

Initially, the district court denied Appellants' fee motion without an explanation while Mayer's fee motion remained pending.  The court likewise

---

[1] For the sake of clarity with respect to the alignment of the original parties, we refer to Norell's requests for fees as *Mayer's* fee motions, although the motions could also be characterized as Norell's fee motions, because Mayer is no longer his client and has, for purposes of the fee dispute, allied himself with Appellants.

denied without explanation Appellants' motion for reconsideration.[2]  Later, a magistrate judge held an evidentiary hearing, heard the testimony of Norell, Mayer, and West, and entered a report and recommendation that Mayer's fee motion be granted, that he be awarded $6,755 in fees and $400 in costs, and that Appellants' motion for fees be denied.  The magistrate judge found that Mayer's testimony against Norell, crucial to Appellants' fee motion, was "inconsistent at best," and that Mayer "had a financial interest in supporting [Appellants]" in the fee dispute.  [R. 63 at 3.]  The court further found that Mayer's motion was due to be granted because Appellants and Mayer attempted to deprive Norell of his fees and costs.  After reviewing Appellants' objections to the recommendation *de novo*, the district court adopted the magistrate judge's report and recommendation, granted Mayer's motion, and denied Appellants' motion.  Appellants brought their timely appeal in case number 12-11538.

A month later, Norell filed a supplemental motion for attorney's fees and reasonable expenses of litigation.  The district court referred that motion to a different magistrate judge.  Appellants opposed the motion.  The magistrate judge recommended that the district court grant Mayer's supplemental attorney's fees

---

[2] Appellants sought our review of the first order denying their fee motion and the order denying reconsideration.  We dismissed their appeal for lack of jurisdiction because Mayer's motion remained pending.  *See Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (per curiam).

4

motion in part to compensate him for his litigation of his entitlement to fees.

Appellants filed objections.  The district court reviewed the objections *de novo*

before overruling the same, adopting the recommendation, and awarding Mayer an

additional $13,055 in attorney's fees.  Appellants brought their timely appeal in

case number 12-14411.

## II.

"We review the award of attorneys' fees for abuse of discretion, but closely

scrutinize questions of law decided by the district court in reaching the fee award."

*Hollis v. Roberts*, 984 F.2d 1159, 1160 (11th Cir. 1993) (internal quotation marks

omitted).  "When employing an abuse-of-discretion standard, we must affirm

unless we find that the district court has made a clear error of judgment, or has

applied the wrong legal standard." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500

F.3d 1230, 1238 (11th Cir. 2007).

Whether a plaintiff is a "prevailing party" is a question of law which we

review *de novo*.  *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1203 (11th

Cir. 2012).

## III.

Although there are some statutory exceptions, litigants ordinarily are

expected to bear their own attorney's fees and costs pursuant to the "American

5

Rule." *Dionne*, 667 F.3d at 1205.  In this case, however, both sides contend that the other is responsible for their attorney's fees.  We first consider the propriety of the district court's denial of Appellants' fee motion, and then the grant of Mayer's original fee motion and supplemental fee motion.

A.  *Appellants' fee motion*

Appellants allege that the district court abused its discretion in denying their fee motion.  As a fundamental criticism, Appellants assert that the district court failed to give an explanation for its denial of Appellants' fee motion.  We require that district courts articulate principled reasons supporting their decisions to award or deny fees so that we can conduct meaningful review.  *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  But contrary to Appellants' assertion, the district court's adoption of the first magistrate judge's reasoned report and recommendation supplies us with the district court's reasoning.

Appellants are correct that in exceptional circumstances a defendant can recover attorney's fees when the plaintiff brings a suit in bad faith.  *See Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998) (noting that "this court has held that the FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith").  However,

6

Appellants' allegations of bad faith depend heavily upon the veracity of Mayer's self-contradictory and self-serving testimony against Norell, and the district court rejected Mayer's testimony as unreliable. As for Appellants' contention that they are entitled to fees because Norell vexatiously multiplied case proceedings by initiating a frivolous suit, *see* 28 U.S.C. § 1927, Appellants have not credibly and substantially demonstrated conduct "so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A.*, 500 F.3d at 1239 (internal quotation marks omitted). Because Appellants cannot show that the district court abused its discretion in finding that Norell did not litigate in bad faith, we affirm the district court's denial of Appellants' fee motion.

B. *Mayer's fee motion and supplemental fee motion*

Appellants also argue that the district court abused its discretion in granting Mayer's original and supplemental fee motions because Mayer was not a prevailing party entitled to recover attorney's fees under the FLSA. Appellants allege that their settlement with Mayer is not evidence that Mayer prevailed because, after investigating further, Appellants and Mayer agreed that Mayer was not actually entitled to overtime pay. Thus, they contend that neither (1) the settlement agreement, which states that "[Appellants] will determine how much overtime [Mayer was] entitled to and how much overpayment [Mayer] had, and

7

[Appellants] will give [Mayer] a check for payment in full," [R. 22-1 at 1, ¶ 2], nor (2) their pleading admitting that Mayer might have been owed some overtime pay, are indicative that Mayer actually prevailed. The record shows that Mayer received as his settlement "somewhere around $900." [R. 62 at 12–13.] But Appellants insist that the payment was not for unpaid overtime; rather, it represented resolution of the parties' "non-overtime differences." Appellants' Br. at 19, case number 12-11538.

Appellants also challenge the district court's legal basis for the fee awards, and on this point they raise an issue that requires *de novo* review. The magistrate judge's recommendation on the original fee motion framed the issue of whether Norell could collect his fees as being a question of "whether or not [Appellants and Mayer] made an agreement that deprives [Norell] of his fees and costs." [R. 63 at 2.] In concluding that the parties cooperated to deprive Norell of his fees, the recommendation cites *Brown v. Vermont Mutual Insurance Co.*, 614 So. 2d 574, 579–80 (Fla. Dist. Ct. App. 1993), for the proposition that a Florida plaintiff's acceptance of a settlement does not relieve a defendant of a statutory obligation to pay the plaintiff's attorney's fee. *Brown* discusses not the FLSA, but FLA. STAT. § 627.428, a statute entitling an insured to attorney's fees upon entry of a judgment

8

against an insurer. Thus, Appellants argue, in their first appeal, that *Brown* is inapposite.

While *Brown*, like the instant case, involved a defendant and plaintiff settling their dispute without plaintiff's counsel's notice or knowledge, and while we agree that Florida law is clear that such a settlement "operates as a fraud upon the [plaintiff's] attorney," *Brown*, 614 So. 2d at 580, *Brown* does not answer the more foundational question of whether Mayer is actually a prevailing party under the FLSA entitled to an award of attorney's fees.

In the magistrate judge's recommendation on Mayer's supplemental motion for fees, the court did address meaningfully the prevailing party issue and concluded that "Mayer is the prevailing party in this FLSA case by virtue of the Court's Final Order of Dismissal dismissing the case in accordance with the parties' settlement agreement and reserving ruling on attorney's fees." [R. 83 at 7.] The recommendation on the supplemental fee motion cites *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003), for its holding that "a *court's approval of a settlement* or retention of jurisdiction to enforce a settlement is a judicially sanctioned change in the legal relationship of the parties." *Id.* at 1167 (emphasis added) (citing *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002)). In the appeal of the order

9

granting Mayer's supplemental fee motion, Appellants do not criticize *Goss*, but they generally renew their past objections that Mayer is not entitled to fees in this case. *See* Appellants' Br. at 9–10, case number 12-14411.

The FLSA instructs that, "*in addition to any judgment awarded to the plaintiff*," for unpaid overtime compensation, the court "*shall . . .* allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). Construing this statute according to its ordinary meaning, we have said that "[t]he FLSA plainly requires that the plaintiff receive *a judgment in his favor* to be entitled to attorney's fees and costs." *Dionne*, 667 F.3d at 1205 (emphasis added). Likewise, the Supreme Court, considering the fee-shifting provisions of two federal statutes[3] allowing courts to award attorney's fees to the prevailing party, has recognized that a plaintiff is a "prevailing party" only when he obtains either (1) a judgment on the merits, or (2) a settlement agreement "*enforced through a consent decree*." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603–604, 121 S. Ct. 1835, 1839–40 (2001) (emphasis added), *superseded by statute on other grounds*, Open Government Act of 2007, Pub. L. No. 110–175, 121 Stat. 2524. The *Buckhannon* Court reasoned that a prevailing party needs a judgment or consent

---

[3] *Buckhannon* discusses the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990.

10

decree to prove that there has been an "alteration in the legal relationship of the parties." *Id.* at 605, 121 S. Ct. at 1840. Thus, in the absence of a judgment on the merits, to be a prevailing party, the FLSA plaintiff needs a stipulated or consent judgment from the district court evincing the court's determination that the settlement "is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Dionne*, 667 F.3d at 1205 (requiring a judgment in the plaintiff's favor and reasoning that a district court's "minimal participation in [a] case is insufficient to give the case the 'judicial *imprimatur*' necessary for a party to prevail" (quoting *Buckhannon* 532 U.S. at 605, 121 S. Ct. at 1840)). We have also held that if the district court "either incorporates the terms of [the parties'] settlement into its final order of dismissal or expressly retains jurisdiction to enforce [the] settlement," these judicial actions serve as the "functional equivalent" of a consent decree in compliance with *Buckhannon*. *Chmielarz*, 289 F.3d at 1320.[4]

---

[4] While we are unaware of any other circuit opinions applying *Buckhannon* to FLSA attorney's fees questions, other circuits are in accord in their application of *Buckhannon* to fee requests brought pursuant to other federal fee-shifting statutes such as the Americans with Disabilities Act and the Civil Rights Attorney's Fees Awards Act. *See, e.g.*, *Bill M. ex rel. William M. v. Neb. Dep't of Health and Human Servs. Fin. & Support*, 570 F.3d 1001, 1003–04 (8th Cir. 2009); *Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 451 F.3d 1097, 1103 (10th Cir. 2006); *Roberson v. Giuliani*, 346 F.3d 75, 82 (2d Cir. 2003); *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 278–285 (4th Cir. 2002). *But see Richard S. v. Dep't of Dev. Servs. of State of Cal.*,

Norell contends that the district court's dismissal order satisfies *Buckhannon*. Although Mayer's motion requests that the court "approve the parties' settlement, deem [Mayer] to be the prevailing party, and retain jurisdiction to determine the amount of [Mayer]'s reasonable attorney's fees and litigation expenses," [R. 12 at 5], the district court's "FINAL ORDER OF DISMISSAL," does not "grant" the motion, identify Mayer as the prevailing party, or officially sanction the terms of the parties' settlement. Neither does it incorporate the settlement's terms or retain jurisdiction to enforce the settlement. *See Chmielarz*, 289 F.3d at 1320. Rather, it states: "It is ADJUDGED that in light of the parties settling this action[,] this case is DISMISSED in accordance with the settlement agreement. The Court reserves ruling to address the entitlement and amount of attorney's fees until such time as a motion on both issues is before the Court." [R. 13 at 1.] The second magistrate judge's recommendation, citing *Goss*, viewed the district court's order as being sufficient to confer prevailing party status upon Mayer. However, even if we assume that *Goss* is an accurate application of *Buckhannon*, *Goss* is distinguishable from the case proceedings in this case. The district court in *Goss* "entered the order submitted by Plaintiff's counsel . . . which

---

317 F.3d 1080, 1086 (9th Cir. 2003) (holding that *Buckhannon* did not preclude courts from granting "prevailing party" status and awarding fees when the plaintiffs obtained a legally enforceable settlement agreement).

12

*approved* the settlement." *Goss*, 248 F. Supp. 2d at 1165 (emphasis added).[5]  In the instant case, there was no approval of the settlement.  At best, it could be said that the court was *aware of* the terms of the parties' settlement.  But the Supreme Court has said that "[a] judge's mere awareness and approval of the terms of [a] settlement agreement do not suffice to make [the terms] part of his order[,]" thereby giving the court "ancillary jurisdiction to enforce an agreement." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S. Ct. 1673, 1677 (1994).

Although it does not appear that the district court intended or appreciated the deficiency in its order dismissing the case, we must conclude that the order does not satisfy the FLSA's general "judgment" requirement, *see* 29 U.S.C § 216(b), or our specific requirement of a stipulated judgment or consent decree enforcing a settlement, *see Lynn's Food Stores*, 679 F.2d at 1353, 1355.  Moreover, the district court's reliance on *Brown*, in its adoption of the first magistrate judge's recommendation, was misplaced.  The unusual circumstances surrounding Mayer's negotiation and acceptance of a settlement do not, by themselves, entitle Norell to an award of attorney's fees under the FLSA.  Therefore, because Mayer is not an

---

[5] *See also Goss v. Killian Oaks House of Learning*, No. 02-20705-CIV-MORENO (S.D. Fla. May 24, 2002) (order granting pl.'s motion for approval of settlement) (stating that "[t]he Settlement of Plaintiff's claims is hereby *Approved*") (emphasis added).

13

FLSA prevailing party, the district court erred in granting Mayer's original and supplemental fee motions.

Although Appellants further argue that Mayer's motions were due to be denied because Norell litigated in bad faith, we again reject those arguments and defer to the credibility determinations of the district court expressed in the first magistrate judge's recommendation. And because we hold that Mayer was not a prevailing party, we do not reach Appellants' arguments in case number 12-14411 concerning the excessiveness or unreasonableness of the fees claimed in Mayer's supplemental fee motion.

IV.

In summary, we conclude that the district court did not abuse its discretion in denying Appellants' fee motion. No extraordinary circumstances entitle Appellants to recover their attorney's fees. However, the district court erred in granting Mayer's original and supplemental fee motions when Mayer was not a prevailing FLSA plaintiff. Accordingly, in case number 12-11538, we affirm in part and reverse in part the district court's order adopting the first magistrate judge's recommendation. In case number 12-14411, we reverse the district court's order adopting the second magistrate judge's recommendation.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

14