[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2012
JOHN LEY
CLERK

_____

No. 09-15405

_____

D. C. Docket No. 08-00124-CV-OC-10-GRJ

PERRY R. DIONNE, on his own behalf and on behalf of all others similarly
situated,

                                                          Plaintiff-Appellant,


                                   versus


FLOORMASTERS ENTERPRISES, INC., a Florida corporation,
ROBERT MOLSICK, individually,

                                                          Defendants-Appellees.


_____


Appeal from the United States District Court
for the Middle District of Florida
_____
(January 13, 2012)

Before EDMONDSON, HILL and ALARCÓN,* Circuit Judges.

ON PETITION FOR REHEARING

_____

*Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting
by designation.

ALARCÓN, Circuit Judge:

Plaintiff-Appellant's Petition for Rehearing filed September 1, 2011 is GRANTED in part and DENIED in part. The Court VACATES and WITHDRAWS the previous opinion in this case, published on July 28, 2011, at 647 F.3d 1109 (11th Cir. 2011). The Court substitutes the following opinion.

In this matter, we must decide whether an employer, who denies liability for nonpayment for overtime work, must pay attorney's fees and costs pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") if the employer tenders the full amount of overtime pay claimed by an employee, and moves to dismiss on mootness grounds where the employee concedes that "the claim for overtime should be dismissed as moot." We conclude that, under such circumstances, the dismissal of the employee's complaint, without an award of attorney's fees, is not erroneous pursuant to § 216(b) because the District Court did not award judgment to the employee as the prevailing party. Accordingly, we affirm.

**I**

**A**

The parties do not dispute the following facts: Dionne was employed by Floormasters Enterprises, Inc. ("Floormasters") from September 19, 2007 until November 27, 2007 as a warehouse clerk. Robert Molsick was a manager who

had direct control over Dionne's work, pay, and job duties. On March 24, 2008, Dionne filed a complaint in the District Court pursuant to § 216(b) on his own behalf and on behalf of other warehouse clerks who had worked for Floormasters within the previous three years[1] to recover overtime compensation, liquidated damages, and reasonable attorney's fees and costs. Floormasters filed a pleading, styled as a Tender of Full Payment and Motion to Dismiss Complaint with Prejudice, on April 23, 2008. In their motion, Floormasters alleged that

> [a]lthough Defendants vigorously deny all of Plaintiff's allegations, Plaintiff's claim, and that Defendants owe Plaintiff any amount of money for unpaid overtime wages or any damages, in the interests of expeditious resolution of Plaintiff's claim and efficient use of this Court's time and resources, Defendants hereby tender to Plaintiff payment in full for an overtime wages claim, liquidated damages, and interest, in the total amount of $637.98.

**B**

Dionne filed a response in opposition to Floormasters's motion to dismiss on May 6, 2008. Dionne asserted that "Plaintiff's claim for overtime is still at issue because Plaintiff claims overtime damages above Defendant's estimation of overtime due." Dionne estimated that his total damages were $3,000. On May 9, 2008, the District Court denied the Defendants' Tender of Full Payment and Motion to Dismiss Complaint with Prejudice. It reasoned as follows:

---

[1]Dionne filed this lawsuit as a collective action. He failed to seek leave to pursue it as a collective action.

Given the discrepancies between the Parties' assertions as to the amount of damages at issue in this case, the Court cannot, at this time, find that the Defendants have paid in full the Plaintiff's claim for overtime compensation. The case is at the very early stages, and discovery has not yet begun.

## C

On May 19, 2008, Floormasters filed a second Tender of Full Payment and Motion to Dismiss Complaint with Prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.[2]

In support of its motion, Floormasters argued:

> Although Defendants vigorously deny all of Plaintiff's allegations, Plaintiff's claim, and that Defendants owe Plaintiff any amount of money for unpaid overtime wages or any damages, to render Plaintiff's claim moot, Defendants tendered to Plaintiff payment in full. Defendants' tender was based on Plaintiff's own calculations in his May 6, 2008 affidavit filed in the record of this action. As presented in paragraph two of this motion, Plaintiff calculated his overtime damages to be $1500.00 in actual damages and $1500.00 in liquidated damages, totaling $3,000.00. A photocopy of the check tendered to Plaintiff is attached, as Exhibit A to this Motion.

Floormasters also contended that

> [h]aving tendered payment in full for all amounts that possibly could be owed to Plaintiff, according to Plaintiff's own version of the facts in his affidavit filed

---

[2]Rule 12(h)(3) provides as follows: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

4

in the record of this action, Defendants have eliminated any controversy or cause of action available to be pursued by Plaintiff in this Court, and dismissal with prejudice, pursuant to Fed. R. Civ. P. 12(h)(3), of Plaintiff's claims is appropriate and necessary.

Dionne filed a response to Floormasters' second motion to dismiss on May 29, 2008 in which he stated:

> Plaintiff agrees that since Defendant has tendered full payment to Plaintiff and admitted overtime liability,[3] the issue of overtime is now moot and the claim for overtime should be dismissed. However, Plaintiff requests that this Court reserve jurisdiction to consider an award of attorney's fees and costs and grant Plaintiff thirty (30) days to file its Motion.

**D**

On June 4, 2008, the District Court granted Floormasters's Motion to Dismiss Complaint With Prejudice. It ordered Dionne to file his "motion for attorney's fees, if any, within thirty (30) days of the date of this Order."

---

[3]Dionne's assertion that Floormasters "admitted overtime liability" is contrary to the record. In fact, Floormasters vigorously denied in its motion that it owed Dionne any amount of money.

## E

Dionne filed a motion for an award of attorney fees and costs on July 7, 2008 in which he argued that he was entitled to attorney's fees pursuant to 29 U.S.C. § 216(b) because he was the prevailing party in this action. Floormasters filed a response in opposition to Dionne's motion for an award of attorney's fees and costs on July 16, 2008. Floormasters maintained that Dionne was not entitled to an award of attorney's fees and costs because no judgment was awarded to Dionne in this action. The District Court denied Dionne's Motion for Award of Attorney's Fees and Costs on September 22, 2009. The District Court held that Dionne was not entitled to attorney's fees and costs pursuant to § 216(b) because

> there has been no judicial determination – nor any request by the Plaintiff for such a determination – that the Defendants violated the FLSA's overtime compensation provisions. Rather, it has been clear from the inception of this litigation that the Defendants have denied any and all liability, and merely tendered payment in order to resolve this case and render the Plaintiff's claim moot. The Court finds that the Plaintiff's claim for overtime compensation was in fact rendered moot when the Defendants tendered full payment for all recoverable damages – a fact that the Plaintiff admitted in its response.

6

Dionne filed a motion for reconsideration on October 7, 2009. It was denied on October 13, 2009.

Dionne filed a timely notice of appeal on October 20, 2009. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

II

A

Dionne contends the District Court erred in concluding that he failed to demonstrate that he is entitled to attorney's fees and costs under 29 U.S.C. § 216(b). Section 216(b) reads as follows in pertinent part:

> Any employer who violates the provisions of section 206 or section 207[4] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . The court in such action shall, *in addition to any judgment awarded to the plaintiff or plaintiffs*, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

*Id.* (emphasis added).

Dionne argues that he was a prevailing party in this action because Floormasters tendered all overtime and liquidated damages to him after he filed his complaint. Appellant's Br. 5. Dionne asserts that an employee can be a

---

[4]29 U.S.C. § 206 sets the federal minimum wage applicable to certain types of employees. 29 U.S.C. § 207 requires employers to pay overtime compensation to certain types of employees.

prevailing party without submitting a formal settlement agreement or consent decree to the trial court. He argues that whether an employee is a prevailing party "should be determined based on the actions of the Parties, the Court and the relief that was obtained following the filing of the lawsuit." Appellant's Br. 9.

"The interpretation of a statute is a question of law subject to *de novo* review." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009). Whether a plaintiff is a "prevailing party" is also reviewed *de novo*. *Church of Scientology Flag Serv., Inc. v. City of Clearwater*, 2 F.3d 1509, 1513 (11th Cir. 1993). We review a district court's decision whether to award attorney's fees and costs for abuse of discretion. *Sahyers v. Holliday & Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009) (citing *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003)).

**B**

Dionne maintains that he is entitled to attorney's fees and costs as a prevailing party because the filing of his complaint brought about the payment by Floormasters of the amount of money he requested. This argument is apparently based on the "catalyst" test that was previously used in this Circuit to determine if a party had prevailed in a lawsuit. In *Morris v. City of West Palm Beach*, this Court stated:

> Because Appellants did not receive a favorable judgment

8

on the merits or entry of a consent decree or settlement, the only means through which they could be found to have prevailed is the "catalyst" test. Under the catalyst test, a plaintiff should be found as prevailing if its ends are accomplished as the result of the litigation even without formal judicial recognition, there is a causal connection between the plaintiff's lawsuit and the defendant's actions providing relief to the plaintiff, and the defendant's actions were required by law.

194 F.3d 1203, 1205-06 (11th Cir. 1999) (internal quotation marks omitted).

In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, the Supreme Court rejected the catalyst theory. 532 U.S. 598, 605-10 (2001), *superseded by statute on other grounds*, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524. It reasoned as follows:

A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

*Id.* at 605.

Dionne argues that the District Court's dismissal with prejudice was sufficient to change the legal relationship of the parties as required by *Buckhannon*. The cases on which he relies, however, do not support this

contention. For example, in *Oil, Chemical & Atomic Workers International Union v. Department of Energy*, the plaintiffs alleged that the defendant had failed to comply with their request under the Freedom of Information Act ("FOIA"). 288 F.3d 452, 453 (D.C. Cir. 2002), *superseded by statute on other grounds*, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, *as recognized in Summers v. Department of Justice*, 569 F.3d 500, 503 (D.C. Cir. 2009). The parties subsequently entered into a court-ordered stipulation that the defendant had substantially complied with the plaintiffs' FOIA request, and the district court awarded the plaintiffs costs and fees. *Id.* Pursuant to *Buckhannon*, which was published while the appeal was pending, the D.C. Circuit reversed. *Id.* at 453, 458. The D.C. Circuit expressly stated that the stipulation "did not meaningfully alter the legal relationship of the parties," *id.* at 458; therefore the plaintiffs were not prevailing parties entitled to attorney's fees under FOIA. *Id.* at 457-59.

Likewise, in *Smyth ex. rel. Smyth v. Rivero*, the district court dismissed the plaintiff's civil rights action as moot and awarded attorney's fees and costs to the plaintiff pursuant to 42 U.S.C. § 1988. 282 F.3d 268, 273-74 (4th Cir. 2002). The defendants appealed as to the fee award, and the Fourth Circuit reversed. *Id.* at 271. The Fourth Circuit held that the plaintiff was not a prevailing party because the district court had neither incorporated the terms of any settlement into its dismissal order nor retained jurisdiction to enforce a settlement. *Id.* at 278-85.

10

Dionne's citations to *Truesdell v. Philadelphia Housing Authority*, 290 F.3d 159 (3d Cir. 2002), and *Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002), are also unavailing. In *Truesdell*, a civil rights action under 42 U.S.C. § 1983, the district court's dismissal order incorporated the terms of the settlement between the parties. 290 F.3d at 165. The Third Circuit reversed the district court's denial of attorney's fees and costs, holding that the plaintiff was the prevailing party and thus entitled to fees and costs pursuant to 42 U.S.C. § 1988. *Id.* at 165-66.

In *Barrios*, the district court denied the plaintiff's motion for attorney's fees under the Americans with Disabilities Act ("ADA") because it held that his damages award was *de minimis*. 277 F.3d at 1134-35. The Ninth Circuit reversed, holding that, as the parties had entered into a legally enforceable settlement agreement, the award was not *de minimis* and the plaintiff was a prevailing party entitled to attorney's fees under the ADA. *Id.* at 1134-37.

Dionne additionally relies on several cases in which the court considered whether the *defendant* was entitled to recover attorney's fees from the *plaintiff*. For example, in *Claiborne v. Wisdom*, the Seventh Circuit held that the defendant was entitled to attorney's fees as the prevailing party following a dismissal with prejudice due to the plaintiff's pursuit of a frivolous action under the Fair Housing Act. 414 F.3d 715, 721-22 (7th Cir. 2005). Likewise, the court in *Highway*

11

*Equipment Co., Inc. v. FECO, Ltd.*, considered whether the defendant was the prevailing party for purposes of assessing entitlement to costs and fees in light of the district court's dismissal with prejudice. 469 F.3d 1027, 1033-37 (Fed. Cir. 2006).

Dionne cites *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003), to support his argument that the $3,000 check sent to him by Floormasters constituted a settlement, thus rendering him the prevailing party. His reliance on *Goss* is also misplaced. In *Goss*, the trial court approved a settlement by the parties. *Id.* at 1175. In this matter, however, the payment Dionne received from Floormasters was never submitted as a settlement for judicial approval.

Dionne also cites *American Disability Ass'n v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002), in support of his argument that the District Court's dismissal of the case with prejudice is the "functional equivalent" of a consent decree. This argument is unpersuasive. In *Chmielarz*, this Court specifically noted that the district court had "approv[ed] the settlement agreement and then expressly retain[ed] jurisdiction to enforce its terms," which "effected precisely the same result as would have been achieved pursuant to a consent decree." 289 F.3d at 1321. In the present case, the District Court did not approve any agreement or retain jurisdiction to enforce any settlement or order; the parties did not even reach a formal settlement agreement to present to the court. The District Court's

minimal participation in this case is insufficient to give the case the "judicial

*imprimatur*" necessary for a party to prevail. *See Buckhannon*, 532 U.S. at 605.

Dionne further asserts that, under *Lynn's Food Stores, Inc. v. United States*,

679 F.2d 1350 (11th Cir. 1982), submission of a formal settlement agreement was

not necessary, as he received payment in full without compromise. However, in

*Lynn's Food Stores*, this Court held that the defendant was liable under the FLSA;

the only question at issue in that matter was whether the district court erred in

refusing to approve the parties settlement agreement. *Id.* at 1352-55.

## Conclusion

Whether Dionne is entitled to attorney's fees under the FLSA is a question

of statutory construction. *See Buckhannon*, 532 U.S. 598 (interpreting the fee-

shifting provisions of the Fair Housing Amendments Act and the ADA). In

construing a statute, a court "assum[es] that the ordinary meaning of that language

accurately expresses the legislative purpose." *Hardt v. Reliance Standard Life Ins.*

*Co.*, 130 S. Ct. 2149, 2156 (2010) (citation omitted). Congress has provided that

the court in an FLSA action "shall, *in addition to any judgment awarded to the*

*plaintiff or plaintiffs*, allow a reasonable attorney's fee to be paid by the defendant,

and costs of the action." 29 U.S.C. § 216(b) (emphasis added). The FLSA plainly

requires that the plaintiff receive a judgment in his favor to be entitled to

attorney's fees and costs.

13

Dionne has failed to cite to any case that supports his contention that the entry of a defendant's motion to dismiss a plaintiff's claims as moot because the trial court no longer has subject matter jurisdiction constituted a judgment in favor of the plaintiff.

As the Supreme Court observed in *Buckhannon*, under the "American Rule" parties in litigation are expected to bear their own attorney's fees and costs. *Buckhannon*, 532 U.S. at 602 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975), and *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). Congress may abrogate this rule, however, by explicitly providing otherwise. *Buckhannon*, 532 U.S. at 602-03; *Johnson*, 348 F.3d at 1350. 29 U.S.C. § 216(b) does so in the context of the FLSA. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) ("[S]ection 216(b) of the [FLSA] makes fee awards mandatory for *prevailing plaintiffs*.") (emphasis added).

Dionne has failed to demonstrate that the District Court entered a judgment awarding him overtime pay. Instead, the record shows it granted Floormasters' motion to dismiss this action because Dionne conceded that Floormasters' tender of the amount set forth in Dionne's complaint, while vigorously *denying* liability, mooted Dionne's overtime claim.

Dionne is not a "prevailing party" in this action because, in granting

14

Floormasters' motion to dismiss this lawsuit for lack of subject matter jurisdiction, the District Court did not award a judgment in his favor.[5] "We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but potentially meritless lawsuit (it will never be determined), has reached the sought-after destination without obtaining any judicial relief." *Buckhannon*, 532 U.S. at 606 (internal quotation marks omitted). Accordingly, we conclude that the District Court did not abuse its discretion in denying Dionne's motion for the award of attorney's fees and costs.

**AFFIRMED**.

---

[5]Our decision in this matter addresses a very narrow question: whether an employee who conceded that his claim should be dismissed before trial as moot, when the full amount of back pay was tendered, was a prevailing party entitled to statutory attorney's fees under § 216(b). It should not be construed as authorizing the denial of attorney's fees, requested by an employee, solely because an employer tendered the full amount of back pay owing to an employee, prior to the time a jury has returned its verdict, or the trial court has entered judgment on the merits of the claim.