[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15981
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00351-N


PHYLLIS WOLFF,

                        Plaintiff - Appellee,

versus

ROYAL AMERICAN MANAGEMENT, INC.,

                        Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(October 1, 2013)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Defendant-Appellant Royal American Management, Inc. ("RAM") appeals from the final judgment of the district court in favor of Plaintiff-Appellee Phyllis Wolff, awarding attorneys' fees and costs to Wolff's counsel in her suit against her former employer, RAM, for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). On appeal, RAM argues that: (1) Wolff's FLSA claims were rendered moot when RAM tendered to Wolff's counsel the amount of Wolff's claimed damages, or, in the alternative, when Wolff voluntarily accepted and cashed RAM's check as full and complete settlement of the FLSA action; and (2) the district court abused its discretion by awarding $61,810.44 in prevailing party attorneys' fees under the FLSA. After thorough review, we affirm.

We review the district court's legal conclusions regarding mootness de novo and its factual findings for clear error. Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1166 (11th Cir. 2012). Whether the facts are sufficient to render the plaintiff a "prevailing party" for purposes of attorneys' fees is a legal question also reviewed de novo. Church of Scientology Flag Serv., Inc. v. City of Clearwater, 2 F.3d 1509, 1513 (11th Cir. 1993). Where the district court has authority to award attorneys' fees, the district court's decision of whether to award attorneys' fees and costs is reviewed for abuse of discretion. Sahyers v. Prugh, Holliday & Karatinos, P.L., 560 F.3d 1241, 1244 (11th Cir. 2009).

The relevant background is this. After filing a complaint alleging FLSA violations, Wolff calculated that RAM had failed to pay her $1800 in overtime wages. Liquidated damages under the FLSA in the same amount brought her total itemized damages claim to $3600. In December 2011, RAM tendered $3600 to plaintiff through her attorney, and moved to dismiss the complaint; Wolff's counsel returned the check. In December 2012, RAM offered to settle the case for $5000, but Wolff's counsel claimed that he never submitted the offer to Wolff because it was never put into writing. Nevertheless, in February 2012, Wolff received a 1099 form reflecting a payment of $3600, and called RAM to determine the reason for the 1099. RAM informed Wolff for the first time of the prior tender to her counsel, and Wolff said she wanted to settle the case. Wolff then met with RAM, signed a general release and took the $3600 check. Thereafter, the parties moved the court to determine whether the payment and release rendered the action moot, stripping Wolff of attorneys' fees on the ground that there was no judgment in the case to indicate that Wolff was the prevailing party. The district court ultimately approved the settlement as reasonable, even though the parties reached the settlement without the participation of Wolff's counsel. The district court further found that the settlement had not mooted the lawsuit, and later awarded Wolff's counsel $61,810.44 in fees and costs. This timely appeal follows.

Under the FLSA,

3

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).   We have said that because the FLSA seeks to protect employees from "inequalities in bargaining power between employers and employees," Congress had made its provisions mandatory.  Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor, 679 F.2d 1350, 1352 (11th Cir.1982). Thus, "FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." Id. (quotation omitted).  We've also held that "[t]he FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs."  Dionne v. Floormasters Enters., Inc., 667 F.3d 1199, 1205 (11th Cir. 2012).

The Supreme Court, considering the fee-shifting provisions in "[n]umerous federal statutes [that] allow courts to award attorney's fees and costs to the 'prevailing party,'" has recognized that a plaintiff is a prevailing party only when she obtains either (1) a judgment on the merits, or (2) a settlement agreement "enforced through a consent decree."  Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res., 532 U.S. 598, 603-604 (2001), superseded by

statute on other grounds, Open Government Act of 2007, Pub.L. No. 110-175, 121 Stat. 2524.    The Buckhannon Court reasoned that a prevailing party needs a judgment or consent decree to prove that there has been an "alteration in the legal relationship of the parties." Id. at 605.    Thus, in the absence of a judgment on the merits, to be a prevailing party, the FLSA plaintiff needs a stipulated or consent judgment or its "functional equivalent" from the district court evincing the court's determination that the settlement "is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions."    Lynn's Food Stores, 679 F.2d at 1355; American Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1317, 1320 (11th Cir. 2002) (holding that the district court's approval of the terms of a settlement coupled with its explicit retention of jurisdiction are the functional equivalent of a consent decree, which renders the settlement a "judicially sanctioned change in the legal relationship of the parties" for purposes of the "prevailing party" determination necessary for attorneys' fees).

In Dionne, we held that an employer, who denied liability for nonpayment for overtime work, did not need to pay attorneys' fees and costs under the FLSA if the employer tendered the full amount of overtime pay claimed by an employee, and the employee conceded that "the claim for overtime should be dismissed as moot."    667 F.3d at 1200.    In other words, we concluded that Dionne was not a prevailing party under the FLSA because in granting the defendant's motion to

5

dismiss for lack of subject matter jurisdiction, the district court did not award a judgment to the plaintiff.   Notably, however, we expressly limited our holding, emphasizing on rehearing that:

> Our decision in this matter addresses a very narrow question: whether an employee who conceded that his claim should be dismissed before trial as moot, when the full amount of back pay was tendered, was a prevailing party entitled to statutory attorney's fees under § 216(b).   It should not be construed as authorizing the denial of attorney's fees, requested by an employee, solely because an employer tendered the full amount of back pay owing to an employee, prior to the time a jury has returned its verdict, or the trial court has entered judgment on the merits of the claim.

Id. at 1206 n.5 (emphasis added).

Thereafter, in Zinni, we held that a settlement offer for the full amount of statutory damages requested under the Fair Debt Collection Practices Act ("FDCPA"), without an accompanying offer of judgment, did not offer full relief to an FDCPA plaintiff and therefore did not render the plaintiff's claim moot. 692 F.3d at 1167-68.   Zinni involved three cases that were consolidated on appeal: in each case, the debt collector offered to settle for $1,001, an amount exceeding by $1 the maximum statutory damages available to an individual plaintiff under the FDCPA, as well as an unspecified amount of attorneys' fees and costs.   Id. at 1164-66.   None of the plaintiffs accepted the settlement offers.   Id.   The district court granted the defendants' motions to dismiss for lack of jurisdiction because the offers left the plaintiffs with "no remaining stake" in the litigation.   Id. at 1164.

6

On appeal, we reversed, holding that "the failure of [the debt collectors] to offer judgment prevented the mooting of [the plaintiffs'] FDCPA claims." Id. at 1168.  We said that a settlement offer for the "full relief requested" means "the full amount of damages plus a judgment." Id. at 1166-67.  The court explained that judgment is important to a plaintiff because it is enforceable by the district court, whereas a settlement offer without an offer of judgment is "a mere promise to pay" which, if broken, required the plaintiff to sue for breach of contract in state court. Id. at 1167-68 (quoting from and relying on Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 766 (4th Cir. 2011) (FLSA overtime case)).  We also noted that "even if the [settlement] check had been tendered [to the plaintiff], that fact would not change our ultimate conclusion." Id. at 1164 n.5.  In fact, we said that even if the plaintiff accepted the offer, without an offer of judgment, full relief had not been offered. Id. at 1167 n.8 ("The issue of whether the offer was accepted or rejected, while argued by the parties, is not relevant to our analysis because Appellees never offered full relief.").

Here, RAM's settlement offer to Wolff did not include an offer of judgment in Wolff's favor and against RAM.  Rather, Wolff signed a release providing that she "acknowledge[d] receipt of [the $3600] check as full and complete satisfaction of any monies owed to [Wolff] from Royal American."  As a result, under Zinni -- which expressly relied on a FLSA case from the Fourth Circuit -- we are

7

compelled to conclude that RAM's offer did not constitute full relief of Wolff's FLSA claim. We recognize that in Zinni, the plaintiff did not accept the settlement check, but here, Wolff accepted the check and signed a release. However, Zinni made clear that so long as a settlement agreement does not include an offer of judgment against a defendant (and it did not in this case), whether a plaintiff accepted the settlement makes no difference. Thus, RAM's settlement with Wolff did not moot her FLSA claim, and she was entitled to seek attorneys' fees and costs from RAM.

RAM argues that the Supreme Court's recent decision in Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523 (2013), requires a different result. There, the Supreme Court held that a "collective action" brought under the FLSA -- wherein an employee brings an action to recover damages for FLSA violations on behalf of himself and other "similarly situated" employees -- became non-justiciable when the lone plaintiff's individual claim became moot. Id. at 1526. However, Genesis involved a settlement offer that included an offer of judgment -- unlike the offer here, and unlike the one in Zinni. See id. at 1527 ("When petitioners answered the complaint, they simultaneously served upon respondent an offer of judgment under Federal Rule of Civil Procedure 68."). What's more, Genesis explicitly said that it was "assum[ing], without deciding, that [an employer's] Rule 68 offer mooted [an employee's] individual claim." See id. at 1529; see also id. n.4 ("[W]e do not

8

resolve the question whether a Rule 68 offer that fully satisfies the plaintiff's claims is sufficient by itself to moot the action."). Accordingly, Genesis is not directly on point, and expressly does not answer the question before us.

We also find unavailing RAM's claim that the district court abused its discretion in awarding the fees in this case. As for RAM's claim that Wolff was not a prevailing party for purposes of obtaining FLSA attorneys' fees, we are unpersuaded. As we've said, to be entitled to fees under the FLSA, a plaintiff must "receive a judgment in [her] favor." Dionne, 667 F.3d at 1205. Here, the district court plainly found that the settlement -- which RAM admits included the full amount of back pay as well as an equal amount for liquidated damages -- was reasonable, and by doing so, the district court entered a judgment in Wolff's favor. See Lynn's Food Stores, 679 F.2d at 1355; Chmielarz, 289 F.3d at 1317, 1320. RAM provides us with no reason to depart from Lynn, which directs a district court to enter a judgment after "scrutinizing" for fairness a proposed settlement entered into between the employee and the employer in an action brought for back wages under the FLSA. Id. at 1353. Further, unlike in Thomas v. State of La., 534 F.2d 613, 615 (5th Cir. 1976),[1] it is unclear in this case whether Wolff received "everything to which [she was] entitled under the FLSA at the time the agreement

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions that were issued before October 1, 1981.

[wa]s reached," since the district court found that the parties did not intend the settlement agreement to preclude attorneys' fees under the FLSA.[2]

As for RAM's claim that it was denied due process when the district court entered the judgment, the record shows that RAM was given an opportunity to respond to Wolff's motions on this matter, and that RAM expressly made arguments regarding its liability in its papers before the district court. Nor has RAM shown, based on the record of this case -- including the record of attorney and party conduct on both sides -- that the district court abused its considerable discretion in granting attorneys' fees using the lodestar analysis. This is especially true given that in cases like this one where attorney fees are allowed to the prevailing party by federal statute, the compensable fees include time spent litigating both the entitlement to and amount of fees incurred; i.e. "fees for litigating fees." Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (statutory fees for civil rights litigants includes "fees for litigating fees"). Accordingly, we affirm.

**AFFIRMED.**

---

[2] While RAM argues that under our case law the parties can settle FLSA claims without providing for attorneys' fees, it does not argue to us that the district court clearly erred in finding, in this case, that the parties did not intend the settlement to preclude an award of fees. As for its claim that the district court did not make this finding, we disagree. It expressly held that a settlement agreement purporting "to preclude any award for attorney's fees . . . would not be reasonable" and that, in any event, that kind of agreement "does not appear to be the intention of the parties: for example, after plaintiff accepted the $3600.00 check, counsel for plaintiff and defendant continued to negotiate over a reasonable attorney's fee to be paid by defendant."