Charlene Edwards Honeywell, United States District Judge
This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Julie S. Sneed on December 14, 2018 (Doc. 27). In the Report and Recommendation, Magistrate Judge Sneed recommends that the Court deny Defendants' Motion to Stay Proceedings and to Establish Procedure to Determine Amount of Attorneys' Fees (the "Motion") (Doc. 17).
*1351 All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections under 28 U.S.C. § 636(b)(1). Defendants filed their Objection (Doc. 29), to which Plaintiff responded (Doc. 32). Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Objection should be overruled, the Report and Recommendation should be adopted and the Motion denied.
I. Background
Plaintiff, Michael W. Kenny obtained a position with Defendant Critical Intervention Services, Inc. ("CIS") as an armed protection officer. Kenny signed a non-compete agreement which purported to restrict him from working for, or engaging in, any business that competes with CIS or any of its affiliates. Kenny also completed a 70-hour unpaid training course at Safety & Intelligence Institute, Inc., one of CIS' affiliates. Kenny brings this case alleging a violation of the Fair Labor Standards Act (the "FLSA") to pursue compensation for his time spent in the training course. See Doc. 1.
Shortly after Kenny filed the Complaint, Defendants' counsel contacted Kenny's attorney to negotiate a settlement. Several phone calls and emails ensued. Ultimately, Defendants sent Kenny's attorney a letter with certified checks for full tender of Kenny's statutory damages under the FLSA, less attorneys' fees. They offered $ 6,000 in attorneys' fees to resolve the entire case. Kenny counteroffered with $ 15,000.
It is Defendants' position that Kenny's claim is now either moot or concluded or both, and all that remains is the issue of his entitlement to and the amount of attorneys' fees. Defendants insist that the Court may stay the case on all issues except the attorneys' fees and establish a procedure to determine the reasonableness of Kenny's attorneys' fees. Doc. 17 at 6. Kenny argues that prior to the Court evaluating his entitlement to and the reasonableness of his attorneys' fees, he must first obtain a judgment, consent decree, or settlement approved by the Court; none of which has occurred.
II. Legal Standard
When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) ; Jeffrey S. v. State Board of Education of State of Georgia , 896 F.2d 507, 512 (11th Cir. 1990). Regarding those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. See Gropp v. United Airlines, Inc. , 817 F.Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. Id.
III. Discussion
Under Section 216 of the FLSA, a prevailing party is entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Such prevailing parties are limited to recovering those costs enumerated in 28 U.S.C. § 1920. Glenn v. Gen. Motors Corp. , 841 F.2d 1567, 1575 (11th Cir. 1988) ; see also Crawford Fitting Co. v. J.T. Gibbons, Inc. , 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) (absent explicit *1352 statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920 ). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." Chapman v. AI Transp. , 229 F.3d 1012, 1039 (11th Cir. 2000).
Under the FLSA, a plaintiff must either obtain a judgment on the merits or some other judicially-sanctioned "alteration in the legal relationship of the parties" to be considered a prevailing party. De Oliveira Sa v. A-Maculate Cleaning Serv., Inc. , 17-CV-21400, 2018 WL 4426084, at *1 (S.D. Fla. June 7, 2018) (quoting Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res. , 532 U.S. 598, 604-05, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) ).
The magistrate judge entered a Report and Recommendation ("R & R") which provides that the FLSA provides for an award of attorneys' fees only to a prevailing plaintiff, citing Wolff v. Royal Am. Mgt., Inc. , 545 Fed. Appx. 791 (11th Cir. 2013). In Wolff , the Eleventh Circuit stated that "in the absence of a judgment on the merits, to be a prevailing party, the FLSA plaintiff needs a stipulated or consent judgment or its 'functional equivalent' from the district court evincing the court's determination that the settlement 'is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions.' " Id. (quoting Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor , 679 F.2d 1350, 1355 (11th Cir. 1982) ). The Wolff court ultimately affirmed the district court's holding that the former employee's acceptance of a check for statutory damages did not render her FLSA claim moot; she retained her right to recover attorneys' fees and costs.
Defendants cite Wolff as well. But they argue that it, and other cases like it, differ because here they agree that Kenny is entitled to fees and costs. Doc. 28 at 4. The issue, as Defendants put it, is a "fundamental unfairness" which gives Kenny's attorney "improper leverage" to impede resolution of the FLSA claim by litigating the issue of fees. See id. at 5. And they contest the imposition of a money judgment with which they disagree, particularly given the fact that they are willing to pay it, without admitting liability, to avoid further litigation. Id.
Ultimately, the magistrate judge concluded that because Kenny's Complaint included a demand for relief including his attorneys' fees, costs, and expense of litigation under 29 U.S.C. § 216(b), Doc. 1 at 7, and he has not accepted Defendants' tender offer, Doc. 21 at 5, no basis exists for the Court to review the reasonableness of Kenny's attorneys' fees. Doc. 27 at 4.
Defendants object to the following four factual and legal conclusions in the R & R: the Court has no procedure to evaluate the reasonableness of attorneys' fees absent either a proposed settlement agreement or final judgment, Doc. 27 at 2; Kenny has not accepted the tender offer, id. at 5; Defendants' tender and concession is not the functional equivalent of a judgment, id. at 4; and Defendants cannot waive the procedural protections, See id. at 4. Doc. 29 at 2-3.
Kenny's response primarily reargues his opposition to the Motion. But he clarifies that he has since returned the tendered checks to Defendants. Ultimately, Kenny states that Defendants' attempt at absolving themselves of liability by tendering the statutory fees cannot entitle him to attorneys' fees, and consequently, the Court cannot determine the reasonableness of the fees.
The Court agrees with Kenny's position and the magistrate judge's recommendation. Despite continually insisting that the Court should implement a procedure to *1353 determine the reasonableness of the attorneys' fees, Defendants point to no authority justifying the Court's determination of the reasonableness of attorneys' fees absent judgment, settlement with a consent decree, or its functional equivalent. Defendants discuss an offer of judgment as an example of a "functional equivalent" which triggers the Court's authority to determine the reasonableness *1354 of the fees. See Doc. 29 at 7. Yet, they made no such offer to Kenny. See Doc. 32 at 7.
The case law is clear, a triggering event must establish plaintiff as the prevailing party before the Court can assess the reasonableness of the attorneys' fees. The fact that the liability issue may be moot does not mean that the Court can now sua sponte decide reasonableness. The triggering mechanism is a judgment, settlement including a consent decree, or its functional equivalent; none of which appears in the record.
IV. Conclusion
The Court has reviewed the Magistrate Judge's R & R de novo and accepts the recommended disposition. The R & R appropriately reviewed the law on this subject under the correct standard and concluded that no basis for the Court's determination of the reasonableness of attorneys' fees at this time exists. The Court agrees.
Accordingly, it is now
ORDERED:
(1) Defendants' Objection is overruled.
(2) The Report and Recommendation of the Magistrate Judge (Doc. 27) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.
(3) Defendants' Motion to Stay Proceedings and to Establish Procedure to Determine Amount of Attorneys' Fees (Doc. 17) is DENIED .
DONE AND ORDERED at Tampa, Florida on January 31, 2019.
REPORT AND RECOMMENDATION
JULIE S. SNEED, UNITED STATES MAGISTRATE JUDGE
THIS MATTER is before the Court on Defendants' Motion to Stay Proceedings and to Establish Procedure to Determine Amount of Attorneys' Fees ("Motion"). (Dkt. 17.) For the reasons that follow, the Court recommends that the Motion be denied.
BACKGROUND
On September 10, 2018, Plaintiff filed a Complaint against Defendants, Critical Intervention Services, Inc. ("CIS"), and Karl C. Poulin, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 - 219. (Dkt. 1.) Plaintiff alleges that CIS failed to pay him for 70 hours of training required to obtain licenses needed to work as an armed security guard. (Dkt. 1 ¶ 36-39.) On October 30, 2018, Defendants filed their Answer and Affirmative Defenses. (Dkt. 16.) Pursuant to this Court's FLSA Scheduling Order, the parties are required to meet and confer in person by December 19, 2018, in a good faith effort to settle all pending issues, including attorneys' fees and costs. (Dkt. 13 ¶ 4.)
ANALYSIS
Defendants move the Court to stay this case and establish a procedure to determine the reasonableness of Plaintiff's attorneys' fees. (Dkt. 17 at 6.) In response, Plaintiff argues that this Court is without authority to determine the reasonableness of Plaintiff's attorneys' fees in the absence of any proposed settlement or judgment. (Dkt. 21 at 6.) The Court recommends that Defendants' Motion should be denied, as no procedure exists whereby the Court can evaluate the reasonableness of attorneys' fees in the absence of either a proposed settlement agreement or final judgment.
Congress enacted the FLSA "for the purpose of protecting workers from substandard wages and oppressive working hours." Lynn's Food Stores, Inc. v. United States , 679 F.2d 1350, 1352 (11th Cir. 1982) (citing Barrentine v. Arkansas-Best Freight System , 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) ). In doing so, Congress made the FLSA's provisions mandatory and "not subject to negotiation or bargaining between employers and employees." Id. Consequently, claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when a district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Id. at 1353
Congress has provided that the court in an FLSA action "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As the Eleventh Circuit has explained, Section 216(b) of the FLSA "makes fee awards mandatory for prevailing plaintiffs ." Kreager v. Solomon & Flanagan, P.A. , 775 F.2d 1541, 1542 (11th Cir. 1985) (emphasis added). In the absence of a judgment on the merits, however, an FLSA plaintiff, to be a prevailing party, "needs a stipulated or consent judgment or its 'functional equivalent' from the district court evincing the court's determination that the settlement 'is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions.' " Wolff v. Royal Am. Mgmt., Inc. , 545 F. App'x 791, 793 (11th Cir. 2013) (quoting Lynn's Food Stores , 679 F.2d at 1355 ).
When a compromise is proposed for court approval in an FLSA case, courts in the Middle District of Florida "look[ ] at the agreed payment to plaintiff's counsel as an element of the settlement package." Bonetti v. Embarq Mgmt. Co. , 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009). This is because the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller , 307 F. App'x 349, 351 (11th Cir. 2009). Thus, in the Middle District,
if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement ...; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.
Bonetti , 715 F.Supp.2d at 1227. If, on the other hand, "the parties can only agree as to the amount to be paid to the plaintiff," courts in the Middle District "continue the practice of determining a reasonable fee using the lodestar approach." Id.
As the above-cited cases confirm, the FLSA provides for an award of attorneys'
*1355 fees only to a prevailing plaintiff. See, e.g. , Wolff , 545 F. App'x at 793 ; see also Fernandez v. Andy Iron Works, Inc. , 2014 WL 3384701, at *3 (S.D. Fla. July 10, 2014) ("The FLSA awards attorney's fees and costs only when the plaintiff receives a favorable judgment."); Armitage v. Dolphin Plumbing & Mech., LLC , No. 6:05-CV-890-ORL19KRS, 2007 WL 1789110, at *3 (M.D. Fla. June 19, 2007) ("[T]he FLSA provides for an award of attorneys' fees only to a prevailing plaintiff[.]"). A plaintiff is a prevailing party only when he obtains either (1) a judgment on the merits, or (2) a settlement agreement "enforced through a consent decree." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res. , 532 U.S. 598, 603-604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), superseded by statute on other grounds , Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524.
Defendants move the Court to stay the case and determine a procedure to evaluate the reasonableness of Plaintiff's attorneys' fees. Defendants argue in part that their tender to Plaintiff of a check "in the amount of all claimed FLSA unpaid wages damages, statutory damages, and costs" should make the issue of attorneys' fees ripe for the Court's determination. (Dkt. 17 ¶ 18.) But a review of Plaintiff's Complaint shows that his demand for relief includes damages for unpaid wages, liquidated damages, and "Plaintiff's reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b)." (Dkt. 7.) Further, Plaintiff has not accepted Defendants' tender offer. (Dkt. 21 at 5.) Without either a judgment or a settlement agreement enforced through a consent decree (or its functional equivalent), this Court has no basis to review the reasonableness of an FLSA plaintiff's attorneys' fees. The Court therefore recommends that Defendants' Motion to Stay Proceedings and to Establish Procedure to Determine Amount of Attorneys' Fees be denied.
Accordingly, it is RECOMMENDED that Defendants' Motion to Stay Proceedings and to Establish Procedure to Determine Amount of Attorneys' Fees (Dkt. 17) be DENIED .
IT IS SO REPORTED in Tampa, Florida, on December 14, 2018.
NOTICE TO PARTIES
A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.